[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 604.]

CINCINNATI INDEMNITY COMPANY, APPELLEE, *v*. MARTIN, APPELLANT.

[Cite as *Cincinnati Indemn. Co. v. Martin*, 1999-Ohio-322.]

*Insurance—Insurer has no duty to defend or indemnify a homeowner/policyholder in a wrongful death lawsuit brought by a noninsured based on the death of an insured, when.*

An insurer has no duty to defend or indemnify its insured in a wrongful death lawsuit brought by a noninsured based on the death of an insured where the policy excludes liability coverage for claims based on bodily injury to an insured.

(Nos. 98-1384 and 98-1492—Submitted March 31, 1999—Decided June 16, 1999.)

APPEAL from and CERTIFIED by the Court of Appeals for Butler County, No. CA97-12-248.

————————————

{¶ 1} This lawsuit stems from the tragic shooting death on November 22, 1995, of six-year-old Michael Martin. Michael and his eight-year-old brother, Ricky, were playing when Ricky shot Michael with a rifle. The incident occurred at their home, where they resided with their mother, defendant, Stephanie Martin. Due to divorce, their father, David Martin, defendant-appellant, lived at a separate residence. At the time, Stephanie Martin had a homeowner's policy with plaintiff-appellee, Cincinnati Indemnity Company ("CIC").

{¶ 2} As administrator of Michael's estate, appellant filed a wrongful death action against Stephanie, alleging that her negligence in failing to supervise the children and in failing to safely store the rifle caused Michael's death. After being notified of the wrongful death lawsuit, CIC commenced the instant declaratory judgment action, seeking a determination as to whether it was required to defend

and indemnify Stephanie against the wrongful death claim. The parties stipulated that under the terms of the homeowner's policy, Michael and Ricky were insureds (since they were relatives residing with Stephanie, the named insured), but that appellant was not an insured.

{¶ 3} David Martin and CIC filed cross-motions for summary judgment. The trial court granted summary judgment in CIC's favor on the ground that appellant's claim was excluded from coverage. It found that the plain language of the policy excludes liability coverage for bodily injury to an insured, including the wrongful death claim brought by David Martin. Therefore, the trial court declared that CIC has no duty to defend or indemnify Stephanie Martin against the wrongful death claim brought by David Martin.

{¶ 4} The court of appeals affirmed and certified its judgment as being in conflict with the judgment of the Stark County Court of Appeals in *Allstate Ins. Co. v. Thompson* (Aug. 27, 1990), Stark App. No. CA-8112, unreported, 1990 WL 125481. The cause is now before the court upon our determination that a conflict exists (case No. 98-1492) and upon the allowance of a discretionary appeal (case No. 98-1384).

———————————

*Stephen R. Fogle*, for appellee.

*Robert N. Piper III* and *Roger S. Gates*, for appellant.

———————————

**FRANCIS E. SWEENEY, SR., J.**

{¶ 5} The issue certified for our review is "whether an insurer has a duty to indemnify and/or defend a homeowner/policyholder against a wrongful death claim by a non-household member wrongful death beneficiary who is not an 'insured' under the policy when the death involved is that of an 'insured' under the policy." For the reasons that follow, we answer the certified issue in the negative and affirm the judgment of the court of appeals.

**{¶ 6}** It is axiomatic that an insurer may maintain a declaratory judgment action to determine its rights and obligations under a contract of insurance. *Preferred Risk Ins. Co. v. Gill* (1987), 30 Ohio St.3d 108, 30 OBR 424, 507 N.E.2d 1118, paragraph one of the syllabus. A liability insurer's obligation to its insured arises only if the claim falls within the scope of coverage. The insurer need not provide a defense if there is no set of facts alleged in the complaint which, if proven true, would invoke coverage. *Id.* at 114, 30 OBR at 429, 507 N.E.2d at 1124. Thus, if it is established that the claim falls within an exclusion to coverage, the insurer is under no obligation to defend the insured. *Gearing v. Nationwide Ins. Co.* (1996), 76 Ohio St.3d 34, 36, 665 N.E.2d 1115, 1117.

**{¶ 7}** In determining whether CIC has the duty to indemnify and/or defend its insured, Stephanie Martin, against the wrongful death claim brought against her, we first look at the language of the insurance contract itself. The homeowner's policy issued by CIC to Stephanie Martin provides:

"COVERAGE E — BODILY INJURY, PERSONAL INJURY AND PROPERTY DAMAGE LIABILITY

"If a claim is made or a suit is brought against any **insured** for damages because of **bodily injury, personal injury** or **property damage** arising out of an occurrence to which this coverage applies, we will:

"**a.** pay up to our limit of liability for the damages arising out of **bodily injury, personal injury** or **property damage** for which the **insured** is legally liable; and

"**b.** provide a defense at our expense by counsel of our choice  * * *."

**{¶ 8}** The CIC policy defines the terms "bodily injury," "insured," and "occurrence" as follows:

"**1. 'bodily injury'** means bodily harm, sickness or disease. Your coverage includes required care, loss of services and death resulting from **bodily injury**.

" * * *

"**3. 'insured'** means you and the following residents of your household:

"**a.** your spouse;

"**b.** your relatives;

" * * *

"**5. 'occurrence'** means an accident, including exposure to conditions, which results, during the policy period in:

"**a. bodily injury**."

**{¶ 9}** The exclusion in the CIC policy that is relevant to the issue presented reads as follows:

"SECTION II — EXCLUSIONS

" * * *

"**2. Coverage E — Bodily Injury** * * * does not apply to:

" * * *

"**g. bodily injury** * * * to you or an **insured** within the meaning of part a. or b. of **'insured'** as defined."

**{¶ 10}** The lower courts found that this exclusion for bodily injury to an insured was applicable and precluded any coverage resulting from Michael's death. As a result, the courts concluded that CIC did not have the duty to indemnify Stephanie Martin or to provide her with a defense in the underlying wrongful death lawsuit.

**{¶ 11}** Appellant concedes that Stephanie would have no liability coverage for bodily injury claims brought by another insured. Nevertheless, he argues that this exclusion applies only to injuries suffered by an insured, not to injuries suffered by him, a noninsured. He further maintains that the exclusion is inapplicable, since he has suffered his own injury as a wrongful death beneficiary. Consequently, he argues that there is insurance coverage and CIC has a duty to defend and indemnify Stephanie in the underlying wrongful death lawsuit.

**{¶ 12}** Appellant urges us to follow the certified case of *Allstate Ins. Co. v. Thompson*, *supra*. In *Allstate*, the decedent's emancipated children who lived outside the home brought a wrongful death lawsuit against their mother's husband for their mother's death. Allstate then brought a declaratory judgment action to determine whether it had to indemnify and provide a defense in the underlying lawsuit. The Allstate policy that was issued to the parents defined "bodily injury" as "bodily injury, sickness or disease, including required care, loss of services and resulting death."[1] In finding that Allstate had a duty to defend and indemnify its insured, the court of appeals reasoned that even though the policy excluded liability coverage for claims based on bodily injury to an insured, the children's wrongful death claims were not excluded from coverage because they were based not on "bodily injury" to the insured decedent but on the children's own "bodily injury" as defined to include damages for wrongful death. The court concluded that because the policy definition of "bodily injury" "employed some of the very words that the legislature used when it enacted R.C. 2125.02(B)(2) and (3)" and "incorporate[d] within the plain meaning of its letter and the manifest intent of its spirit the element of damages that may be recoverable for wrongful death under R.C. 2125.02(B)(2)," the insurance company was obligated to defend and indemnify the claims of the wrongful death beneficiaries of the decedent insured. *Id.*

**{¶ 13}** We reject the reasoning employed by the *Allstate* court. The fact that the homeowner's policy uses some of the same language as used in the wrongful death statute does not mean that the policy provides liability coverage against a claim by a wrongful death beneficiary who is not an insured. In fact, the language contained in the policy at issue provides otherwise. It is well established

---

1. Although the Allstate policy language differs from the language in the CIC policy, the certified issue applies to both cases, since both cases involve noninsureds with claims based on the death of an insured and policies that exclude claims for bodily injury to an insured.

that when the language in an insurance policy is clear and unambiguous, we must enforce the contract as written and give the words their plain and ordinary meaning. *Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd.* (1992), 64 Ohio St.3d 657, 665, 597 N.E.2d 1096, 1102. The policy's definition of "bodily injury" is clear. It means "bodily harm, sickness or disease." Coverage includes "required care, loss of services and death resulting from **bodily injury.**" Thus, under the terms of the policy, appellant has not suffered his own bodily injury. Instead, any injury to appellant arose solely from the bodily injury his insured son sustained. See *Prudential Prop. & Cas. Ins. Co. v. LaMarr* (1993), 92 Ohio App.3d 331, 335, 635 N.E.2d 63, 65, where the court held that the insurer had no duty to indemnify and defend, since the wrongful death claims of a noninsured arose out of the insured's death and fell within a similar exclusion for bodily injury to an insured.

{¶ 14} Nevertheless, despite this clear language, appellant maintains that he has a distinct claim for wrongful death that is separate from the decedent's injury. Hence, appellant argues that Stephanie's liability insurance against his claim is untouched by the policy's exclusion. To support his position, he cites *Wood v. Shepard* (1988), 38 Ohio St.3d 86, 526 N.E.2d 1089, an uninsured/underinsured motorist case. Appellant's reliance on an uninsured/underinsured motorist decision is misplaced, since uninsured motorist coverage is different from homeowner's insurance in several respects. Unlike homeowner's insurance, uninsured motorist coverage is mandated by law, pursuant to R.C. 3937.18. Coverage under homeowner's policies is not similarly mandated. Furthermore, in the case of bodily injury, homeowner's liability insurance is essentially designed to indemnify against liability for injuries that noninsureds sustain themselves, typically while in the insured's home. In contrast, the purpose of uninsured motorist coverage is "to protect persons from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated." *Martin v. Midwestern Group Ins. Co.* (1994), 70 Ohio St.3d 478, 480, 639 N.E.2d 438, 440; *Abate v. Pioneer Mut.*

*Cas. Co.* (1970), 22 Ohio St.2d 161, 165, 51 O.O.2d 229, 231, 258 N.E.2d 429, 432; R.C. 3937.18(A)(1). Since R.C. 3937.18 is remedial legislation, it is liberally construed to effectuate the legislative purpose. *Curran v. State Auto. Mut. Ins. Co.* (1971), 25 Ohio St.2d 33, 54 O.O.2d 166, 266 N.E.2d 566. There is no corresponding principle with respect to homeowner's policies.

{¶ 15} Given the liberal construction we afford uninsured motorist policies and in considering the statutory purpose behind such protection, we have repeatedly struck down those policies that eliminate or reduce uninsured motorist coverage, as in our decision in *State Farm Auto. Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 583 N.E.2d 309. In *Holt v. Grange Mut. Cas. Co.* (1997), 79 Ohio St.3d 401, 683 N.E.2d 1080, we recently held that wrongful death claimants could recover under the uninsured/underinsured motorist provisions of the decedent's automobile policy despite the fact that the policy's definition of "insured" excluded them from coverage. We found that the use of restrictive policy language that would have denied the wrongful death claimants recovery was ineffectual, since it was an impermissible restriction on the insurance coverage mandated by R.C. 3937.18. We held that coverage must be afforded in order to reconcile the requirements of former R.C. 3937.18(A) and R.C. Chapter 2125. The *Holt* decision was premised on the unique interplay between former R.C. 3937.18(A) and R.C. 2125.01 *et seq.* However, given the differences between uninsured motorist insurance and homeowner's insurance, its holding has no application here. Nor do we find that any argument based on the uninsured motorist statute is persuasive.

{¶ 16} By focusing on his independent right to bring a wrongful death claim, and in ignoring the plain language of the policy, which excludes liability coverage for bodily injury to an insured, including claims resulting from his death, appellant has lost sight of the relevant issue at hand, *i.e.*, whether there is policy coverage that would trigger CIC's duty to indemnify and/or defend the insured in the wrongful death lawsuit. Even though appellant may pursue an independent

wrongful death claim (*Thompson v. Wing* [1994], 70 Ohio St.3d 176, 637 N.E.2d 917), this does not mean that he can create liability coverage where there is none. Thus, we hold that an insurer has no duty to defend or indemnify its insured in a wrongful death lawsuit brought by a noninsured based on the death of an insured where the policy excludes liability coverage for claims based on bodily injury to an insured. Since appellant's wrongful death claim stems solely from an insured's "bodily injury," we hold that appellant's wrongful death claim is excluded from coverage and that CIC has no duty to defend or indemnify its insured.

{¶ 17} Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., concurs in judgment only.

_____