JOURNAL ENTRY AND OPINION
Plaintiff-appellant (father) appeals the trial court's granting of defendant-appellee's (insurer) motion for summary judgment. For the reasons that follow, we affirm the ruling of the trial court.
Sixteen-year-old Christina Hillyer, daughter of appellant, was killed in an automobile accident on November 6, 1994 when she was a passenger in a car driven by a classmate. The driver lost control of the car and hit a utility pole, killing Christina instantly. Her estate collected the limits under both the driver's insurance policy and her father's uninsured/underinsured policy (UM/UIM) with State Farm. She was denied UM/UIM coverage under her father's umbrella policy, which was also with appellee State Farm. Father now appeals the Cuyahoga County Common Pleas Court's ruling denying UM/UIM coverage under his homeowner's policy.
Appellant states one assignment of error:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE STATE FARM FIRE CASUALTY COMPANY, AS APPELLANT IS ENTITLED TO UNDERINSURED MOTORIST COVERAGE IN THE POLICY ISSUED TO HIM BY APPELLEE STATE FARM.
Appellant claims that the estate should receive UM/UIM coverage for Christina's death under father's homeowner's policy. The homeowner's policy expressly excludes bodily injury* * *arising out of the ownership, maintenance, use, loading or unloading of* * *a motor vehicle owned or operated by or rented or loaned to any insured* * *. Appellant extrapolates coverage, however, from a later statement that the exclusion does not apply to bodily injury to a residence employee arising out of and in the course of residence employee's employment by an insured. Appellant relies on this clause to claim that the policy qualifies as a motor vehicle policy and therefore is subject to R.C. 3937.18. Specifically appellant argues that, because a resident employee is included, the policy provides automobile coverage in limited circumstances and therefore State Farm was obliged to provide UM/UIM benefits under R.C. 3937.18, which requires every motor vehicle policy holder be offered UM/UIM coverage. Further, the statute states that if this coverage is not waived by the policy holder in writing, the policy holder is automatically covered by UM/UIM.
The courts have construed this statute broadly to provide coverage where none was intended by either of the parties to the contract. See Scott-Ponzer v. Liberty Mutual (1999), 85 Ohio St.3d 660, 666. ([W]e will not guess at the intent of the parties to the insurance contract when the insurer introduces ambiguous terms into the policy.) The intent of the parties, therefore, is not controlling in determining whether the policy should have UM/UIM coverage. Additionally, this area of the law has changed as the courts have interpreted the statute and the legislature has amended the law.
In this case, however, it is clear that the policy is intended to exclude any coverage for bodily injury occurring in an automobile accident to the insured or his family members. The sole exception to this broad exclusion is coverage provided to a residence employee in the course and scope of that employee's employment.[1]
Quite recently this court issued a decision on the identical policy provision at issue in the case at bar and the same arguments as presented here. Davis v. Shelby Ins. (June 14, 2001), Cuyahoga App. No. 78610, unreported, 2001 Ohio App. LEXIS 2625.[2] In this prior opinion this court focused on the distinction the Supreme Court of Ohio made between the express automobile liability coverage in Selander and a homeowner's policy with incidental coverage:
 [I]n the case of bodily injury, homeowner's liability insurance is essentially designed to indemnify against liability for injuries that noninsureds sustain themselves, typically while in the insured's home. In contrast, the purpose of uninsured motorist coverage is to protect persons from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated.
Davis p. 10 quoting Davidson v. Motorists Mut. Ins. Co. (2001),91 Ohio St.3d 262, quoting Cincinnati Indemn. Co. v. Martin (1999),85 Ohio St.3d 604, 608.
Again quoting Davidson, this court explained, Moreover, we never intended Selander to be used to convert every homeowner's policy into a motor vehicle liability policy whenever any incidental coverage is afforded for some specified type of motorized vehicle.
Instead, Selander stands only for the proposition that UM/UIM coverage is to be offered where a liability policy of insurance expressly provides for coverage for motor vehicles without qualification as to design or necessity for motor vehicle registration.
Davis p. 10, quoting Davidson. Extending the reasoning of Davidson to the policy at issue, this court in Davis held that the policy at issue cannot be construed so as to provide UM/UIM coverage.
We agree with this analysis. If any UM/UIM coverage should have been offered, it would have been limited to the residence employee only. It would not have extended to any family member of the insured. The trial court correctly granted summary judgment in favor of the insurer because the insured had no UIM coverage for his daughter under his homeowner's insurance.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and JAMES J. SWEENEY, J., CONCUR.
 ______________________________________ DIANE KARPINSKI, ADMINISTRATIVE JUDGE.
[1] The clause in question states that the exception to motor vehicle coverage does not apply to bodily injury to a residence employee arising out of the residence employee's employment by an insured. (Emphasis in original.)
[2] Davis had not been released when the oral arguments in the case at bar were heard.