OPINION
STATEMENT OF THE FACTS AND CASE
This is an appeal from a trial court decision granting Appellee's Motion for Summary judgment and holding that Appellee was entitled to UM/UIM coverage under a homeowner's insurance policy issued by Appellant.
The collision from which this case arises occurred on April 12, 1997.
Appellant appeals said decision, assigning the following sole assignment of error:
ASSIGNMENT OF ERROR
 WHETHER THE PERRY COUNTY COMMON PLEAS COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF-APPELLEE LIBBY TRUSSELL WHEN IT HELD THAT HER UNITED OHIO HOMEOWNER'S INSURANCE POLICY AFFORDED UNDERINSURED MOTORIST COVERAGE AS A MATTER OF LAW FOR PLAINTIFF-APPELLEE TRUSSELL'S APRIL 1997 MOTOR VEHICLE ACCIDENT.
Appellant claims the trial court erred in denying its motion for summary judgment. We agree.
Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in Stateex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 448:
 Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35
The sole issue for our review is whether a homeowner's policy that provides limited insurance coverage to an insured for liability to a residence employee arising out of the use of a motor vehicle that is subject to motor vehicle registration laws on the public highways is sufficient to subject said homeowner's policy to R.C. § 3937.18, thereby requiring UM/UIM coverage.[1]
Appellant, United Ohio Insurance Company, contends that UM/UIM benefits were not offered in the case sub judice because the policy of insurance was a homeowner's policy not an automobile policy and therefore was not subject to R.C. § 3937.18.
Appellee, on the other hand, maintains that because the homeowner's policy issued in the instant case provides automobile liability coverage in limited circumstances, United Ohio Insurance Company was required to offer uninsured/underinsured motorist benefits. When it failed to do so, such benefits arose by operation of law and, moreover, were not subject to set off or to the subrogation provisions under that policy.
We find Appellant's argument well-taken based on our prior decision inHenry v Nationwide Mutual Fire Insurance Company (Sept. 28, 2001), Muskingum App. No. CT2001-0014, unreported, wherein we rejected the argument that the residence employee provision which provided limited liability for injuries to a residence employee as sustained in a motor vehicle was sufficient to invoke the requirements of R.C. § 3937.18. In so holding, we relied on our previous ruling in Pillo v. Stricklin
(Feb. 5, 2001), Stark App. No 2000CA00201, unreported, and the recent Ohio Supreme Court decision in Davidson v. Motorists Mutual InsuranceCompany (2001), 91 Ohio St.3d 262.
In Davidson, supra, the Ohio Supreme Court held:
 "[I]n the case of bodily injury, homeowner's liability insurance is essentially designed to indemnify against liability for injuries that noninsureds sustain themselves, typically while in the insured's home. In contrast, the purpose of uninsured motorist coverage is `to protect persons from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated.'" Id.,
quoting Cincinnati Indemn. Co. v. Martin (1999), 85 Ohio St.3d 604, 608.
 "Common sense alone dictates that neither the insurer nor the insured bargained for or contemplated that such homeowner's insurance would cover personal injuries arising out of an automobile accident that occurred on a highway away from the insured's premises." Davidson, 91 Ohio St.3d at 269.
We acknowledge that the Davidson court did not specifically address whether a "residence employee" exclusion in a homeowner's policy could be construed so as to provide UM/UIM coverage. Id. at 265.[2] We see no reason, however, not to extend the reasoning of Davidson to the policy at issue in this case. Consequently, the policy at issue in this case cannot be construed so as to provide UM/UIM coverage.
We therefore find Appellant's sole assignment of error well-taken and sustain same.
For the foregoing reasons, the judgment of the Court of Common Pleas of Perry County, Ohio, is reversed, and this cause is remanded to that Court for further proceedings in accordance with the law and consistent with this opinion.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Perry County, Ohio is reversed and remanded.
Costs to Appellee.
Hon. Julie A. Edwards, P.J. Hon. W. Scott Gwin, J. Hon. John F. Boggins, J. concur.
[1] The Ohio Supreme Court has certified a conflict on this issue and the matter is presently pending before the Supreme Court, Lemm v. TheHartford (2001), 93 Ohio St.3d 1475 in the cases of Lemm v. The Hartford
(Oct. 4, 2001), Franklin App. No. 01AP-251, unreported, 2001 WL 1167585and Davis v. Shelby Ins. Co. (June 12, 2001), Cuyahoga App. No. 78610, unreported, 2001 WL 674854.
[2] The Ohio Supreme Court declined to decide the issue concerning the residence employee exclusion contained in the policy because it had not been argued to the lower courts in that case.