OPINION
Plaintiff-appellant, Richard Dixon, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, Travelers Property Casualty ("Travelers"). The court held a homeowner's policy of insurance issued by Travelers was not an "automobile liability or motor vehicle liability policy of insurance" within R.C. 3937.18, and plaintiff accordingly was not entitled to underinsured motorist coverage pursuant to the policy. Plaintiff appeals, assigning a single error:
"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE FINDING THAT PLAINTIFF-APPELLANT'S HOMEOWNER'S POLICY DOES NOT PROVIDE UNDERINSURED MOTORIST COVERAGE TO APPELLEES."
Because the trial court properly determined plaintiff is unable to prevail on his claim for underinsured motorist coverage, we affirm.
For purposes of Travelers' summary judgment motion, the facts are largely undisputed. On June 15, 1998, plaintiff was injured in a motor vehicle accident while he was operating a semi-tractor trailer in the course of his employment with defendant Performance Staff Management. The accident allegedly was caused by the negligence of defendant Deborah Chandler, who was covered by an insurance policy with a liability limit of $50,000; plaintiff was offered and accepted the $50,000. Apparently contending he suffered damages in excess of $50,000, plaintiff also sought underinsured motorist ("UIM") coverage pursuant to R.C. 3937.18
under a homeowner's insurance policy Travelers issued to plaintiff's wife. Plaintiff is an insured under the homeowner's policy that provides personal liability coverage in the amount of $300,000. The policy initially was issued for a 12-month term commencing on May 21, 1995, and UIM coverage was not offered when the policy was issued. The policy was renewed annually on May 21 each year thereafter. Travelers refused plaintiff's claim for UIM coverage under the homeowner's policy.
Plaintiff filed the instant action against Travelers on June 12, 2000, seeking a judicial declaration the homeowner's insurance policy qualifies as an "automobile liability or motor vehicle liability policy of insurance" within the meaning of R.C. 3937.18, entitling plaintiff to UIM coverage by operation of law in an amount up to the limits of liability in the policy.
According to its terms, the homeowner's policy provides coverage to an insured if a claim or suit is brought against the insured for damages because of bodily injury or property damage caused by an "occurrence." It specifically excludes from coverage bodily injury or property damage arising out of ownership or use of a motor vehicle, but provides the exclusion does not apply to "bodily injury" to a "residence employee" arising out of and in the course of the "residence employee's" employment by an "insured." (Emphasis added.) Plaintiff contends the "residence employee" exception renders the homeowner's policy a motor vehicle policy subject to the provisions of R.C. 3937.18.
The relevant portions of R.C. 3937.18 provide:
"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are offered to persons insured under the policy for loss due to bodily injury or death suffered by such insured:
"* * *
"(2) Underinsured motorist coverage * * *."
On October 13, 2000, Travelers moved for summary judgment, asserting the homeowner's insurance policy is not an "automobile liability or motor vehicle liability policy of insurance" within R.C. 3937.18. Travelers claimed that any UIM coverage that might otherwise have been provided was eliminated by provisions in Am.Sub.H.B. No. 261 ("H.B. 261"), codified in R.C. 3937.18(L) effective September 3, 1997 ("amended R.C. 3937.18[L]"). Travelers contended that amended R.C. 3937.18(L) became applicable to the homeowner's policy at the time of the policy's annual renewal on May 21, 1998.
In a memorandum contra Travelers' summary judgment motion, plaintiff asserted the subject policy provides limited automobile liability coverage and qualifies as a motor vehicle liability policy either under former R.C. 3937.18 ("former R.C. 3937.18"), as in effect prior to the H.B. 261 amendments, or under R.C. 3937.18 as amended by H.B. 261 ("amended R.C. 3937.18"), and thus UIM coverage is provided by operation of law. See Selander v. Erie Ins. Group (1999), 85 Ohio St.3d 541
(holding that where a policy of insurance provides automobile liability coverage, even in limited circumstances, the insurer is required to offer UIM coverage, and when it fails to do so the coverage arises by operation of law).
While the trial court concluded former R.C. 3937.18 governs this case, the court nonetheless determined that under either the pre- or post-H.B. 261 version of R.C. 3937.18, the homeowner's insurance policy is not a motor vehicle liability insurance policy within the meaning of R.C. 3937.18
and plaintiff accordingly is not entitled to UIM coverage pursuant to the statute. The trial court granted summary judgment to Travelers, dismissing plaintiff's claims against Travelers in their entirety. Plaintiff's single assignment of error asserts the trial court erred in so determining.
In reviewing the trial court's ruling on summary judgment, we conduct an independent review of the record and stand in the shoes of the trial court. DeStephen v. Allstate Ins. Co. (Apr. 30, 2002), Franklin App. No. 01AP-1071. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
In this appeal, the issues resolve around which version of R.C. 3937.18
controls plaintiff's claim for UIM coverage. Under the former version, plaintiff would be entitled to coverage pursuant to the residence employee exception and this court's decision in Lemm v. The Hartford (Oct. 4, 2001), Franklin App. No. 01AP-251, motion to certify conflict granted,93 Ohio St.3d 1475. Under the amended version, plaintiff would have to meet the statutory requirements to prevail.
In Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281, syllabus, the Supreme Court of Ohio held that "[f]or the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." The holding in Ross was largely based on the court's previous decision in Benson v. Rosler (1985), 19 Ohio St.3d 41,44, abrogated by Wolfe v. Wolfe (2000), 88 Ohio St.3d 246. In Wolfe, the Supreme Court explained that "statutes pertaining to a policy of insurance and its coverage, which are enacted after the policy's issuance, are incorporated into any renewal of such policy if the renewal represents a new contract of insurance separate from the initial policy." (Emphasis as supplied by Wolfe at 251.) See Ross at 288-289.
On appeal, plaintiff contends that by virtue of the renewals that "continued" the policy, the trial court correctly found the homeowner's policy Travelers originally issued on May 21, 1995, is the same policy that covered plaintiff on June 15, 1998, the date of the accident. Thus, plaintiff contends, the trial court correctly concluded former R.C. 3937.18
controls plaintiff's claim for UIM coverage. Plaintiff, however, submits that if the original policy period be deemed not to have continued to the time of the accident, then Wolfe must be applied to determine the relevant policy period to which the statutory law then in effect would be applicable.
In response, Travelers asserts that, although the trial court correctly concluded the Travelers' homeowner's policy is not a motor vehicle liability insurance policy within the scope of R.C. 3937.18, the trial court should have applied the H.B. 261 amendments to the statute in analyzing plaintiff's claim for UIM coverage. Travelers contends Wolfe is inapplicable here because the policy at issue is a homeowner's policy, not an automobile liability policy. Arguing the holding in Benson retained its viability after Wolfe with respect to homeowner's policies, Travelers claims the policy renewals in this case were separate new contracts of insurance that terminated upon the end of each 12-month policy period. Thus, according to Travelers, the provisions of H.B. 261 apply to the policy renewal on May 21, 1998, and to plaintiff's UIM claim filed thereafter.
At issue in Wolfe was whether an October 20, 1994 amendment of R.C.3937.18 by Am.Sub.S.B. No. 20 ("S.B. 20") was incorporated into an automobile liability insurance policy in a renewal of the policy on December 12, 1994, so that recovery of UIM benefits would be denied to the insured. See Wolfe at 246-247. The plaintiff insured contended in Wolfe that R.C. 3937.31(A) establishes the existence of successive two-year policy periods which, if applied in that case, precluded application of S.B. 20 until December 12, 1995, and afforded UIM coverage to the insured under the policy.
In deciding the issue, the Supreme Court in Wolfe considered the effect of R.C. 3937.31 when determining the policy periods for an automobile liability policy and held that "every automobile liability insurance policy issued in this state must have, at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C. 3937.30 to 3937.39. We further hold that the commencement of each policy period mandated by R.C. 3937.31(A) brings into existence a new contract of automobile insurance, whether the policy is categorized as a new policy of insurance or a renewal of an existing policy. * * * [T]he guarantee period mandated by R.C. 3937.31(A) is not limited solely to the first two years following the initial institution of coverage. Rather, the statute applies to every new automobile insurance policy issued, regardless of the number of times the parties previously have contracted for motor vehicle insurance coverage." (Emphasis added.) Wolfe at 250.
Applying its holdings, the court counted successive two-year policy periods from the original issuance date of the automobile liability insurance policy at issue in that case, December 12, 1983, and found the last guaranteed policy period would have run from December 12, 1993 to December 12, 1995. Wolfe at 250. The court then concluded, pursuant to Benson and Ross, that the S.B. 20 amendments to the statute, enacted during that policy period, could not have been incorporated into the contract of automobile liability insurance until the mandatory policy period had expired on December 12, 1995 and a new guarantee period had begun. Wolfe at 251. In reaching its decision, the Supreme Court noted the majority in Benson had failed to consider application of R.C.3937.31(A) to contracts of automobile liability insurance, so the court in Wolfe abrogated the holding in Benson to the extent it conflicts with R.C. 3937.31(A). Wolfe at 252.
Wolfe is inapplicable to resolution of this case because the policy at issue is a homeowner's policy, not an automobile liability policy governed by Wolfe or R.C. 3937.31. See Wolfe at 251. The Supreme Court's decision in Wolfe did not consider insurance policies generally or homeowner's policies in particular and it did not overrule application of Benson's holding to those types of policies. Rather, the Supreme Court abrogated its holding in Benson only to the extent the holding conflicts with R.C. 3937.31(A), which expressly applies by its terms to "automobile insurance policies." See Wolfe at 251-252.
Moreover, the Supreme Court has not applied either Wolfe or R.C.3937.31(A) to an insurance policy that is not on its face an automobile liability insurance policy. We recognize " `the type of policy is determined by the type of coverage provided, not by the label affixed by the insurer * * * [, and] the fact that [a] policy is labeled as a [homeowner's] policy does not mean it is not also an automobile liability policy [pursuant to law].' " Selander at 545, quoting St. Paul Fire 
Marine Ins. Co. v. Gilmore (1991), 168 Ariz. 159, 165, 812 P.2d 977. Nonetheless, we decline to extend the holding in Wolfe to an insurance policy that is on its face a homeowner's policy. Accordingly, Wolfe does not apply to the issue before us.
Wolfe being inapplicable, we are guided by Benson in determining whether the annual renewals of the subject policy constituted continuations of the original policy or new contracts of insurance. Benson allows the provisions of H.B. 261 to be incorporated into the policy at the time of the accident only if the May 21, 1998 renewal of the policy after the effective date of that legislation represents a new contract of insurance.
Generally, the renewal of an insurance policy represents a separate and distinct contract. Francis v. McClandish (Apr. 19, 1999), Athens App. No. 98CA21, citing 2 Russ Segalla, Couch on Insurance 3d (1997), Section 29.33. See, also, State ex rel. Preston v. Ferguson (1960),170 Ohio St. 450, 457 (holding the exercise of an option to "renew" a contract generally results in the creation of a new contract). However, whether a renewal represents a new contract or a continuation of a prior contract depends on the language of the instrument itself. Francis, supra.
The interpretation of an insurance contract involves a question of law. Leber v. Smith (1994), 70 Ohio St.3d 548, 553. "The fundamental goal in insurance policy interpretation is to ascertain the intent of the parties from a reading of the contract in its entirety, and to settle upon a reasonable interpretation of any disputed terms in a manner calculated to give the agreement its intended effect." Burris v. Grange Mut. Cos. (1989), 46 Ohio St.3d 84, 89. When the language used is clear and unambiguous, a court must enforce the contract as written, giving words used in the contract their plain and ordinary meaning. Cincinnati Indemn. Co. v. Martin (1999), 85 Ohio St.3d 604, 607. A policy is not to be read as to extend coverage to absurd lengths or to be inconsistent with logic or the law. Lovewell v. Physicians Ins. Co. of Ohio (1997),79 Ohio St.3d 143, 148.
Under the plain language of the homeowner's policy in this case, several factors lead us to conclude that the May 21, 1998 policy renewal at issue was a new contract of insurance. The policy states on the declarations pages and in a section of the policy entitled "Policy Period" that the policy periods begin and end at 12:01 a.m. Standard Time at the residence premises for 12 months beginning and ending on May 21. Policies written for specific periods "may be construed as term policies rather than continuing policies." Benson at 44. Moreover, language in the policy specifying that the policy applies only to loss which occurs during the policy period shown on the declarations page suggests that the end of each policy period marks the end of the insurance contract. See Francis, supra.
Also significant is Travelers' right to terminate the policy at the end of each policy period. The policy provides it may be renewed for successive policy periods at Travelers' election, subject to payment of premiums and other conditions, but the policy further states it will terminate without notice at the end of any policy period if the insured fails to pay the premium when due. In a section entitled "Non-Renewal," the policy expressly provides that Travelers can elect not to renew the policy; in the event it so decides, notice is to be mailed at least 45 days before the expiration date of the policy. Travelers also has the option to cancel the policy under other conditions and provisions in the policy. Those provisions indicate separate contracts of insurance rather than a continuing policy.
Because each policy renewal constituted a new contract of insurance entered into by the parties, the H.B. 261 amendments to R.C. 3937.18, effective September 3, 1997, became incorporated into the subject policy at its renewal on May 21, 1998. Ross; Benson, supra. Thus, the policy renewal was controlled by amended R.C 3937.18. The trial court erred to the extent it concluded former R.C. 3937.18 governs this case.
The question that remains is whether the subject homeowner's insurance policy is also an automobile liability insurance policy within the meaning of amended R.C. 3937.18, such that UIM coverage would arise by operation of law in this case. See Selander, supra.
Amended R.C. 3937.18(L) expressly defines "automobile liability or motor vehicle liability of insurance" as "(1) [a]ny policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance; [or] (2) [a]ny umbrella liability policy of insurance * * *." We note that subsection (L)(2) was later amended by S.B. No. 5 (effective Nov. 2, 1999) to read as follows: "[a]ny umbrella liability policy of insurance written as excess over one or more policies described in division (L)(1) of this section." Subsection (L) was again amended by S.B. No. 97 (effective October 31, 2001) to eliminate any requirement regarding the mandatory offer of uninsured and underinsured motorist coverage. Those amendments are not pertinent here.
Plaintiff asserts the Travelers insurance policy falls within the definition of an automobile liability or motor vehicle liability policy of insurance set forth in amended R.C. 3937.18(L). Relying on this court's decisions in Lemm; and Davis v. State Farm Fire Cas. Co. (Dec. 18, 2001), Franklin App. No. 00AP-1458, plaintiff first claims that because the instant policy provides coverage to "residence employees," it serves as proof the insured is able to respond to damages which may be incurred by a resident employee using a motor vehicle, thus satisfying the "proof of financial responsibility" requirement in subsection (L)(1).
Under the statutory definition in subsection (L)(1), the policy does not meet the requirements for proof of financial responsibility set forth in R.C. 3937.18(L)(1), because neither the declarations page of the policy nor the policy itself "specifically identify" any motor vehicles in the policy of insurance. See Burkholder v. German Mut. Ins. Co. (Mar.15, 2002), Lucas App. No. L-01-1413, appeal allowed (2001), 96 Ohio St.3d 1455
(holding a farmowner's policy that insures "residence employees" for all motor vehicles owned, maintained, operated, used, loaded, or unloaded at the farm does not satisfy the definition of "specifically identified" in R.C. 3937.18[L][1] where the policy does not "precisely, particularly and individually" identify specific motor vehicles); Jones v. Nationwide Ins. Co. (July 23, 2001), Stark App. No. 2000-CA-00329, discretionary appeal allowed, 93 Ohio St.3d 1496 (holding a homeowner's policy is not an automobile liability policy under R.C. 3937.18[L][1] where it has a "residence employee" provision but has no listing of specifically identified vehicles). See, also, Lane v. State Auto Ins. Cos., Miami App. No. 2001-CA-59, 2002-Ohio-2698 (holding policy language limiting coverage to motor vehicles "owned or operated by or rented or loaned to an [insured]" is not enough to meet the "specifically identified" requirement of R.C. 3937.18[L][1]); and Jump v. Nationwide Mut. Ins. Co. (Nov. 2, 2001), Montgomery App. No. 18880 (holding a commercial liability policy that provides coverage only for "hired" and "non-owned" automobiles is not an "automobile liability policy" within R.C. 3937.18[L][1] where the policy does not specifically identify any motor vehicles).
To the extent plaintiff relies on this court's decisions in Lemm and Davis, plaintiff's reliance is unavailing. Amended R.C. 3937.18(L)(1) "significantly narrows the scope of policies that must include uninsured and underinsured motorist coverage when compared with the supreme court's interpretation of the previous version of the statute." Jump, supra. Moreover, the H.B. 261 amendments were not implicated in Lemm and accordingly were not considered in it. Lemm therefore is inapplicable to the present case. Lastly, statements by this court in Davis, suggesting that amended R.C. 3937.18(L)(1) does not require the makes, models and serial numbers of motor vehicles, were merely dicta and do not guide our resolution of this case.
Plaintiff next claims the homeowner's policy is an "umbrella liability policy of insurance" under amended R.C. 3937.18(L)(2) because the policy states in an "Other Insurance" clause that "[t]his insurance is excess over other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy."
An umbrella policy is a policy that provides excess coverage beyond a primary policy and covers only those damages in excess of the coverage provided by all other applicable insurance policies. Midwestern Indemn. Co. v. Craig (1995), 106 Ohio App.3d 158, 164; Cleveland Builders Supply Co. v. Farmers Ins. Group of Cos. (1995), 102 Ohio App.3d 708. Here, the homeowner's insurance policy does not qualify as an umbrella policy because it is a primary policy of insurance. The "other insurance" clause merely apportions and prioritizes a loss when there is more than one primary policy. Accordingly, the Travelers' policy is not an umbrella liability policy of insurance under amended R.C. 3937.18(L)(2). See Pillo v. Stricklin (Feb. 5, 2001), Stark App. No. 2000-CA-00201 (holding a homeowner's policy is not an umbrella policy of insurance under R.C.3937.18[L][2]).
Because the subject homeowner's policy is not an "automobile liability or motor vehicle liability of insurance" within amended R.C. 3937.18(L), Travelers was not required to offer UIM coverage as part of the policy. Therefore, such coverage did not arise "by operation of law" because of any failure to offer such coverage when the policy was issued. For the foregoing reasons, we overrule plaintiff's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
KLATT, J., concurs.
TYACK, P.J., dissents.