OPINION
{¶ 1} Plaintiff-Appellant Deborah S. Williams is appealing the judgment of the Clark County Common Pleas Court, granting a motion for summary judgment filed by Defendant-Appellee Allstate Insurance Co. and dismissing her complaint.
 {¶ 2} The facts of this case are not in dispute. On September 20, 1997, Williams's minor son, Matthew T. Williams, drove Williams's all terrain vehicle from their residence onto a public highway. William Newton, also a minor, who was riding on the front of the all terrain vehicle, was thrown from the vehicle and sustained significant injuries. Newton, by and through his parents, filed a personal injury lawsuit on September 16, 1999, alleging that Williams negligently permitted her son to operate the all terrain vehicle.
 {¶ 3} Williams filed a complaint for declaratory judgment against Allstate, disputing its denial of coverage and asserting that Allstate was required to defend and indemnify her for any liability resulting from the Newton complaint. Williams has a homeowner's policy and an automobile policy with Allstate, and both policies were in effect at the time of the accident on September 20, 1997.
 {¶ 4} Allstate filed a motion for summary judgment, asserting that Allstate was under no duty to defend or indemnify Williams from the allegations as set forth in the Newton complaint. The trial court granted the motion for summary judgment and dismissed Williams's complaint. Williams now appeals, asserting one assignment of error:
 {¶ 5} "The court erred when it ruled that the Appellant did not have insurance coverage which would require Allstate to defend her in the personal injury lawsuit filed by William Newton's parents."
 {¶ 6} Williams asserts that the trial court erred in granting summary judgment to Allstate because there are provisions in the homeowner's policy and in the automobile policy that provide coverage for accidents such as this involving all terrain vehicles.
 {¶ 7} When reviewing a trial court's grant of summary judgment, an appellate court conducts a de novo review. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 671 N.E.2d 241, 1996-Ohio-336. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." Brewer v. Cleveland CitySchools Bd. of Edn. (1997), 122 Ohio App.3d 378, 383, 701 N.E.2d 1023, citing Dupler v. Mansfield Journal Co. (1980), 64 Ohio St.2d 116,119-120, 413 N.E.2d 1187, 18 O.O.3d 354. Thus, the trial court's decision is not granted any deference by the reviewing appellate court. Brown v.Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711,622 N.E.2d 1153.
 {¶ 8} Summary judgment can be appropriately granted where (1) "there is no genuine issue as to any material fact; (2) * * * the moving party is entitled to judgment as a matter of law; and (3) * * * reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor."Harless v. Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64,66, 375 N.E.2d 46, 8 O.O.3d 73; see, also, Civ.R. 56(C). The movant has the burden to prove that no genuine issues of material fact exist by specifically pointing to evidence in the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc. which show that the non-movant has no evidence to support its claims. Harless, supra;Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 622 N.E.2d 264; Civ.R. 56(C).
 {¶ 9} Insurance policies are generally interpreted by applying rules of construction and interpretation applicable in contract law.Gomolka v. State Auto. Mut. Ins. (1982), 70 Ohio St.2d 166, 167-168,436 N.E.2d 1347. If the language of the insurance policy is susceptible to more than one interpretation, the language will be construed strictly against the insurer and liberally in favor of the insured. Faruque v.Provident Life Acc. Ins. Co. (1987), 31 Ohio St.3d 34,508 N.E.2d 949. However, the general rule of liberal construction cannot be used to create an ambiguity where one does not exist. Karabin v. StateAuto. Mut. Ins. Co. (1984), 10 Ohio St.3d 163, 166-167, 462 N.E.2d 403. If the terms of a policy are clear and unambiguous, a court must enforce the contract as written, giving words used in the contract their plain and ordinary meaning. Cincinnati Indemn. Co. v. Martin, 85 Ohio St.3d 604,607, 710 N.E.2d 677, 1999-Ohio-322.
 {¶ 10} Under Section II, page 30, "Losses We Do Not Cover Under Coverage X", the homeowner's policy in effect at the time of the accident states, in pertinent part:
 {¶ 11} "1. We do not cover bodily injury or property damage arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle or trailer. However, this exclusion does not apply to:
 {¶ 12} "* * *
 {¶ 13} "b) any motor vehicle designed principally for recreational use off public roads, unless that vehicle is owned by an insured person and is being used away from an insured premises[.]"
 {¶ 14} In this instance, the damages would have fallen under the exclusion to non-coverage had the accident occurred on the insured premises. However, the act of using the all terrain vehicle away from the insured premises and on the highway excluded the situation from coverage.
 {¶ 15} Williams also asserts that, because her son did not have permission to remove the all terrain vehicle from her home and drive it on a public highway on September 20, 1997, such negligence should be covered under her homeowner's policy. To the contrary, under Section II of the "Family Liability Protection" provision, subsection seven, the policy states that another exclusion from coverage includes "bodily injury or property damage arising out of * * * the negligent supervision by an insured person of any person[.]"
 {¶ 16} For these reasons, we find that the homeowner's policy expressly excluded liability in this instance.
 {¶ 17} Williams also had a comprehensive automobile policy with Allstate, and she argues that coverage should have been found under that policy. That policy provided coverage to Williams, as the named insured, "from claims for accidents arising out of the ownership, maintenance, or operation, loading or unloading of an insured auto." The policy later defines the term "insured auto" as an automobile described in the policy declarations, which only lists a 1996 Oldsmobile Cutlass. "Auto" is further defined as a "land motor vehicle with at least four wheels designed for operation principally upon public roads."
 {¶ 18} There is no dispute that, within the plain meaning of the insurance policy, the all terrain vehicle is not an "auto" by definition. Furthermore, the all terrain vehicle is not listed as an insured automobile under said policy. Accordingly, we do not find the claims arising out of the operation of the all terrain vehicle to be covered under this policy.
 {¶ 19} Williams asserts that, if coverage cannot be found within the insured automobile part of the policy, coverage should be found in the uninsured motorists provision of the policy. According to Williams, the all terrain vehicle fell within the uninsured portion of the policy, as a vehicle without coverage, and Allstate should be required to defend and indemnify her lawsuit with Newton.
 {¶ 20} We do not agree. According to the uninsured motorists provision of the policy, uninsured motorists coverage provides insurance for the insured persons under the policy who are "legally entitled to recover damages from owners or operators of uninsured auto," for bodily injury sustained by the insured person.
 {¶ 21} In this case, Williams, the insured person, is attempting to obtain uninsured motorists coverage for the protection of Newton. Newton, who sustained injuries in the accident, is not an "insured person" under Williams's automobile insurance policy. Therefore, Newton is not entitled to recover damages from Williams's automobile insurance policy under the uninsured motorists provision, and Allstate has no obligation to defend or indemnify Williams under this provision.
 {¶ 22} As such, we find that there is no genuine issue as to any material fact and, construing the facts in Williams's favor, reasonable minds can come to but one conclusion, and that conclusion is that no coverage under the Allstate homeowner or automobile policies was applicable to Williams in this instance.
 {¶ 23} We overrule Williams's assignment of error.
 {¶ 24} Judgment of the trial court is affirmed.
FAIN, P.J. and WOLFF, J., concur.