{¶ 32} I respectfully dissent . As an initial matter, I note that appellant failed to submit a transcript of the small claims hearing or affidavit of evidence per Civ.R. 53(E), or an appropriate substitute to either the trial court or this court. Generally, when a party fails to submit a transcript of the proceedings, we are unable to determine whether the evidential exhibits were admitted into evidence. "A reviewing court cannot consider an exhibit unless the record demonstrates that the exhibit was formally admitted into evidence in the lower court." Cardonev. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, 1998 Ohio App. LEXIS 2028, at 4, citing State v. Ishmail (1978), 54 Ohio St.2d 402. See, also, Moore v. Nichol (Oct. 30, 1991), 9th Dist. No. 15062, 1991 Ohio App. LEXIS 5219, at 10 (holding that the "[appellate] court cannot consider an exhibit absent a sufficient showing that it was formally admitted into evidence."). Thus, the record must be further examined to determine whether it affirmatively demonstrates that the relevant exhibits were admitted before the magistrate and municipal court.
 {¶ 33} After reviewing the record before us, it is clear to me that the exhibits necessary for review were admitted before the lower court. The magistrate's decision and report, and the municipal court's judgment entry, specifically refer to each relevant evidential exhibit now before our court. See, DAK, PLL v. Borgerding, 10th Dist. No. 02AP-1051, 2003-Ohio-3342, at ¶ 17. Both entries discuss the notification, insurance policy, and juror qualification questionnaire.[1] In its judgment entry, the municipal court quotes directly from each of these three exhibits. Likewise, the magistrate's decision and report details the contents of all three pieces of evidence.
 {¶ 34} Accordingly, the record before us demonstrates that the relevant evidential exhibits were considered as evidence and formally admitted in the lower court. Thus, this court should have proceeded to evaluate appellant's assignment of error in light of these three key pieces of evidence.
 {¶ 35} That being said, appellant argues that the language of the policy is clear and unambiguous, and coverage was available only when appellee was "required to serve on a jury." As such, appellant maintains the municipal court erred by finding that appellee was entitled to coverage under the policy because he was only "required to make himself available" for a yet to be determined date of jury service.
 {¶ 36} It is well-established under Ohio law that an insurance policy is a contract between the insurer and the insured. Ohayon v. SafecoIns. Co. of Ill., 91 Ohio St.3d 474, 479, 2001-Ohio-100. Accordingly, "insurance contracts must be construed in accordance with the same rules as other written contracts." Hybud Equip. Corp. v. Sphere Drake Ins.Co., Ltd. (1992), 64 Ohio St.3d 657, 665.
 {¶ 37} A critical rule declares that a clear and unambiguous insurance contract must be enforced as written and its words must be given their plain and ordinary meaning. Cincinnati Indemn. Co. v.Martin, 85 Ohio St.3d 604, 608, 1999-Ohio-322. This rule precludes a court from rewriting a contract when the intent of the parties is clear.Hybud Equip. Corp. at 666.
 {¶ 38} In the instant case, the portion of appellant's policy at issue is clear and unambiguous. The policy expressly states that appellee is entitled to coverage only when he has been "subpoenaed, required to serve on a jury, hijacked or quarantined." Because this language is clear and unambiguous, there can be no misinterpretation of the parties' intent. When examining the policy, we are prohibited from rewriting the contract and we must give the words of the policy their plain and ordinary meaning. Accordingly, the issues of fairness and equity are not relevant to our appellate review.
 {¶ 39} The plain and ordinary meaning of "required to serve on a jury" indicates that a specific date or time frame for jury duty has been established, and that the person selected for such service is obligated by law to be present on the date specified. Therefore, to be covered under the policy it must be evident that appellee was obligated to report for jury duty on a specific date during his vacation.
 {¶ 40} The notification and attached juror qualification questionnaire clearly explained that the date of jury service had yet to be determined. Specifically, the section of the notification informing appellee when jury duty was to be served expressly stated, "[d]ate to be determined." Thus, there was not even a possible time frame established, such as "within the next 120 days," or similar defining language that would limit the possibilities of a future date for jury duty.
 {¶ 41} Moreover, the notification makes clear that the juror qualification form, filled out by appellee, would be used to determine whether he was a qualified candidate for jury service. The notification further explained that only after appellee had qualified for jury service would he be sent a notification revealing the date and time he was required to appear for jury duty.
 {¶ 42} Here, we have language that merely indicates that at some unknown point in the future appellant might be called for jury duty. Such language confirms that appellee was not yet required to report for jury duty. The notification's language specifically indicated that appellee's qualification as a juror, and a scheduled date for jury duty, were yet to be determined.
 {¶ 43} Despite the clear language of the notification, the municipal court explained in its judgment entry that appellee was entitled to coverage because the notification required him to "make himself available" for jury duty. Such a finding extends the coverage of the unambiguous policy language beyond its plain and ordinary meaning. Even the language used by the municipal court in its judgment entry indicates that appellee was not yet required to serve on a jury. Specifically, the court found that appellee was still awaiting the specific notice that would require him to report for jury duty on a certain date.
 {¶ 44} On appeal, appellee's appellate brief concedes that the notification and attached juror qualification form did not require him to appear for jury duty during his scheduled vacation. Instead, appellee states that he "was clearly not required to serve on a jury but it is not clear at all whether or not he was subpoenaed in the case during the scheduled cruise."
 {¶ 45} "Subpoenaed" is a legal term of art. A person is subpoenaed when they have been "command[ed] to appear at a certain time and place to give testimony upon a certain mater." Blacks Law Dictionary (6 Ed. 1991) 995. Appellee had never been commanded to appear at a certain time and place for the purpose of giving testimony upon a certain matter. Because the record does not reflect, or even suggest, that appellee was subpoenaed by the federal court, the policy language with respect to being "subpoenaed" is not applicable. Further, there is no way to confirm if this argument was raised before the magistrate.
 {¶ 46} Based upon the foregoing analysis, it is clear that appellee was not "required to serve on a jury," nor was he "subpoenaed" by the federal court. Regardless of how "unfair or "inequitable" this result may seem, "[i]t is not the responsibility or function of a court to rewrite the parties' contract in order to provide for a more equitable result."Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention FacilitiesAuth. (1997), 78 Ohio St.3d 353, 362, 1997-Ohio-202. Therefore, the policy provisions for coverage were not met, and appellant properly denied appellee's claim. Appellant's assignment of error has merit and the judgment in favor of appellee should be reversed.
 {¶ 47} To that end, I dissent.
[1] I also note that the magistrate's decision expressly stated that the jury administrator's letter of April 15, 2002, had been admitted as exhibit D. However, the magistrate gave no real weight to the letter, as the only relevant evidence was the notification, insurance policy, and juror qualification questionnaire.