OPINION
{¶ 1} Defendants-appellants Ronald Quaranta Sr., Ronald Quaranta Jr. and Caffe Capri, Inc. appeal the decision of the Mahoning County Common Pleas Court which granted possession of property to plaintiff-appellee Karen Adlaka in her forcible entry and detainer action. The issue is whether the court properly interpreted the lease's termination date for purposes of a timely renewal option. For the following reasons, the trial court's judgment is affirmed.
 STATEMENT OF THE CASE {¶ 2} On April 11, 2003, appellee Karen Adlaka filed a forcible entry and detainer action for possession of her rental property on Market Street in Boardman, Ohio. Appellants were her tenants who operated a restaurant at such location. Appellee alleged appellants were holding over their rental term after she served them with thirty days notice to vacate. She attached the lease and the notice to vacate to her complaint.
 {¶ 3} Appellee pointed out that section 2(A) of the lease listed a termination date of February 28, 2003 and that section 2(B) required appellants to give written notice six months prior to the lease's expiration in order to exercise a renewal option. She also noted that section 21 required all notices to be by certified mail return receipt requested.
 {¶ 4} Since appellants did not give any notice six months prior to February 28, 2003, appellee considers them holdover tenants. Appellee thus filed a motion for summary judgment on the plain language of the lease and the lack of timely notice of intent to exercise the renewal option. Due to appellants' answer and counterclaim, the case was moved from county court to common pleas court. There, appellee amended her complaint to add a claim for damages due to non-payment of rent and for holding over while paying a rental rate less than that which a prospective tenant was willing to pay.
 {¶ 5} On July 21, 2004, appellee filed a motion to expedite her summary judgment motion pending in the case. She again pointed to the depositions of the Quarantas, who admit that they did not give written notice to appellee six months prior to February 28, 2003.
 {¶ 6} In September 2004, appellants filed their memorandum in opposition to summary judgment. They argued that reasonable minds could differ as to the interpretation of the lease's termination date. Their opposition relied on their quotation of the lease as follows:
 {¶ 7} "According to the written document executed August 30, 1995, the original leasehold term `shall be a seven (7) year period' to commence `March 1, 1996' or `when open for business, whichever first' and which was to end `February 28, 2003'."
 {¶ 8} Appellants also pointed to a clause reading: "Lessee shall have occupancy upon the agreed date by both parties." They concluded that this latter clause rendered the termination date of the lease ambiguous due to "the unambiguous 7 year lease term." In supporting this theory, appellants noted that occupancy could not occur until after March 1, 1996 due to appellee's remodeling work. They urged that the termination date was effectively pushed back to a date that is seven years after the occupancy date, which would in turn push back the six month renewal date. An affidavit was attached claiming that the parties agreed the lease term run for seven years from possession.
 {¶ 9} On September 27, 2004, a magistrate recommended granting summary judgment in favor of appellee on her forcible entry and detainer action and claim for possession. Appellants filed timely objections. On November 16, 2004, the trial court overruled the objections, found no errors, adopted the magistrate's decisions, entered judgment for appellee and against appellants in forcible entry and detainer, and ordered restitution of the premises.
 {¶ 10} Appellants filed timely notice of appeal from this final order. See Witkowski v. Ardit (1997), 123 Ohio App.3d 26, 30 (where this court held that a judgment on the right to possession is final and appealable even if a claim for damages remains). See, also, CuyahogaMetro. Hsg. Auth. v. Jackson (1981), 67 Ohio St.2d 129, 132.
 ASSIGNMENT OF ERROR {¶ 11} Appellants' sole assignment of error contends:
 {¶ 12} "WHETHER THE TRIAL COURT ERRED IN DETERMINING BY SUMMARY JUDGMENT THAT LESSEES/APPELLANTS WERE UNTIMELY IN THE EXERCISE OF THEIR OPTION TO RENEW THEIR LEASE AGREEMENT WHERE THE FOUR CORNERS OF THE LEASE WHICH WAS DRAFTED BY LESSOR/APPELLEE CONTAINED AMBIGUITIES AS TO THE CALCULATION OF THE TIME FRAME IN WHICH TO EXERCISE THAT RENEWAL."
 {¶ 13} On appeal, appellants set forth the same arguments as in their response to summary judgment set forth above. Their brief claims the following:
 {¶ 14} "According to its terms, the lease first purports to create a definite leasehold term which `shall be a seven (7) year period' to commence `March 1, 1996' or `when open for business, whichever first' and which was to end `February 28, 2003'. * * * The use of the term `shall,' i.e., `shall be a seven (7) year period' indicates the compulsory nature of the 7 year term." (Appellants' Brief at 3).
 {¶ 15} Appellants' argument to this court is centered on its claim that the lease expressly specifies a seven year definite term and that when the commencement date was altered due to remodeling delays, the termination date was also effectively changed. (Appellant's Brief 3, 5-6).
 {¶ 16} However, as appellee counters, the lease does not contain thequote ascribed to it by appellants. That is, the lease does not state that the term "shall be a seven (7) year period." Rather, it merely contains dates for commencement and termination.
 {¶ 17} Because the lease does not specify a seven-year term, appellants' entire appellate argument loses its core and no longer has structure. Regardless of the original commencement date or a later extended commencement date, the termination date was always February 28, 2003 according to all written documents. See Chan v. Miami Univ. (1995),73 Ohio St.3d 52, 57 (in viewing the four corners of a document, if the relevant term is certain, the certainty prevails).
 {¶ 18} We cannot look to extrinsic evidence of the parties' intent where the contract is unambiguous. Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, ¶ 11-12. The language concerning the termination date is plain, clear, unambiguous and uncontradicted within the body of the contract; thus, it must be enforced as written. SeeCincinnati Indem. Co. v. Martin (1999), 85 Ohio St.3d 604, 607
(reiterating this well-established rule of contract interpretation).
 {¶ 19} Thus, under section 2(B), appellants had until six months prior to the termination date of February 28, 2003 to notify appellee in writing of any intent to exercise an option to renew the lease. Appellants admitted in depositions that they failed to do so. As such, the trial court correctly found that there was no genuine issue of material fact concerning the lease's termination date and that reasonable minds could come to but one conclusion concerning the contractual language. See id. The trial court's decision ordering restitution of the premises to appellee is affirmed.
 {¶ 20} Due to the aforementioned misquote/nonquote, appellee urges this court to sanction appellants under App.R. 23 and award attorney's fees to appellee based upon the "fabricated statement" forming the basis for the sole assignment of error and giving rise to a frivolous appeal. App.R. 23 provides:
 {¶ 21} "If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs."
 {¶ 22} Appellants' attorney apparently made some type of mistake in his evaluation of the lease. He may have accidentally transcribed his notes as a quote. Or, he may have been given a different copy of the lease by his clients, which was not the final, signed copy presented in this case. Contrary to appellee's suggestions, it is inconceivable that counsel would knowingly fabricate a quote out of a document that is in the record.
 {¶ 23} Although the basis for the appeal essentially revolved around the misquote, there was still a minor argument concerning the parties' intent, the clause dealing with the commencement date and an interpretation that a delayed commencement date would delay even a stated termination date. We disposed of this argument based upon the plain language of the lease and its definite and certain termination date. As such, we decline to find this appeal frivolous and we refuse to award sanctions under App.R. 23.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.