OPINION
{¶ 1} Appellants David and Christina Zerby appeal the decision of the Stark County Court of Common Pleas that found the Ohio Township Association Risk Management Authority ("OTARMA") is entitled to set off the amount of benefits Appellant David Zerby received from workers' compensation and his disability insurance carrier. The following facts give rise to this appeal.
 {¶ 2} On April 1, 1999, Appellant David Zerby, a police officer for Perry Township, was involved in an automobile accident, with Lillian Kendall, while in the course and scope of his employment. Kendall had automobile liability insurance, in the amount of $12,500, with Omni Insurance. Omni Insurance paid its policy limits to Appellant David Zerby.
 {¶ 3} Also on the date of the accident, Perry Township was a member and participant in OTARMA, which is a joint, self-insurance pool, composed of a number of participating townships. The pool provides employees liability coverage up to $2,000,000 and UM/UIM coverage up to $100,000.
 {¶ 4} On April 24, 2002, appellants filed a complaint for declaratory judgment, against OTARMA, as the result of a dispute between the parties concerning coverage for the accident. In their complaint, appellants demanded that OTARMA provide UM/UIM coverage in the amount of $2,000,000. OTARMA filed a motion for summary judgment on August 26, 2002. In a judgment entry dated November 21, 2002, the trial court determined that because OTARMA is a self-insurance pool, it was not required to offer UM/UIM coverage equal to its liability limits. Therefore, appellants are only entitled to UM/UIM coverage in the amount of $100,000, as set forth in the policy. As to the issue of set-off, the trial court found the policy specifically allows OTARMA to set off, against its policy limits, all amounts paid to Appellant David Zerby. Finally, the trial court concluded that the term "may," in the arbitration clause, indicates that both parties must consent to arbitration.
 {¶ 5} Appellants timely filed a notice of appeal and set forth the following assignments of error for our consideration:
 {¶ 6} "I. The trial court erred in holding that otarma is entitled to set off funds paid by workers' compensation and David Zerby's disability insurance carrier from its policy limits.
 {¶ 7} "II. The trial court erred in finding that plaintiff-appellant was not entitled to binding arbitration under the terms of the policy."
"Summary Judgment Standard"
 {¶ 8} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 9} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 10} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107. It is based upon this standard that we review appellants' assignments of error.
 I {¶ 11} In their First Assignment of Error, appellants contend the trial court erred when it determined that OTARMA was entitled to set off funds paid by workers' compensation and Appellant David Zerby's disability insurance carrier from its policy limits. We agree, in part.
 {¶ 12} In its judgment entry, the trial court concluded "* * * the policy specifically allows for set off against its policy limits. Therefore, OTARMA is entitled to set-off all amounts paid to Plaintiff." Judgment Entry, Nov. 21, 2002, at 2. This includes amounts paid by the Bureau of Workers' Compensation ("Bureau") and amounts paid under Appellant David Zerby's disability insurance carrier.
 {¶ 13} Appellants claim, on appeal, that OTARMA is not entitled to set off any amounts paid by the Bureau or Appellant David Zerby's disability insurance carrier. Appellants recognize that R.C. 4123.93
establishes a right of subrogation for workers' compensation benefits paid by the Bureau and self-insureds. Section (C) of R.C. 4123.93 defines "subrogated amounts" to include:
 {¶ 14} "* * *
 {¶ 15} "(2) Amounts recoverable from a claimant's insurer in connection with underinsured or uninsured motorist coverage, notwithstanding any limitations contained in Chapter 3937. of the Revised Code.
 {¶ 16} "(3) Amounts that a claimant would be entitled to recover from a political subdivision, notwithstanding any limitations contained in Chapter 2744. of the Revised Code."
 {¶ 17} Further, OTARMA's policy of insurance contains the following provision:
 {¶ 18} "R. UNINSURED AND/OR UNDERINSURED MOTORISTS
 {¶ 19} "* * *
 {¶ 20} "The damages payable will be reduced by:
 {¶ 21} "1. all amounts paid by the owner or operator of theuninsured automobile or underinsured automobile or anyone else responsible. This includes all amounts paid under any section of this Agreement or any other automobile policy.
 {¶ 22} "2. all amounts payable under any workers (sic) compensation law, disability benefits law, or similar law, or any automobile medical payments or personal injury protection coverage." (Emphasis sic.)
 {¶ 23} In the case sub judice, Appellant David Zerby is entitled to underinsured motorist benefits pursuant to R.C. 2744 of the Revised Code, the statute that permits Perry Township to enter OTARMA's pooling agreement. Appellants contend that if OTARMA is permitted to set off against its UM/UIM policy limits the workers' compensation benefits received by Appellant David Zerby, such set off would defeat the right of subrogation established by R.C. 4123.93.
 {¶ 24} That is, the Bureau would be subrogated to the policy limits of OTARMA's UM/UIM policy and according to OTARMA's policy terms, it would be entitled to set off the amount received from the Bureau against its UM/UIM policy limits. Thus, appellants ask us to conclude that the General Assembly intended to prohibit government entities from setting off against their UM/UIM policies amounts received from workers' compensation.
 {¶ 25} In response, OTARMA maintains any award appellants receive from OTARMA should be off set by compensation appellants already received from the Bureau and disability insurance because OTARMA is self-insured and the terms of the insurance contract control the issue of set-off. OTARMA cites to decisions from the Ohio Supreme Court that permit deductions for collateral benefits to the extent that the loss for which the collateral benefit compensates is actually included in the award.Holeton v. Crouse Cartage Co., 92 Ohio St.3d 115, 122, 2001-Ohio-109. Therefore, OTARMA concludes that because appellants have been fully compensated by the Bureau and disability insurance, it is entitled, according to the terms of its policy, to set off all amounts received by appellants from the Bureau and disability insurer.
 {¶ 26} We agree with the trial court's conclusion that OTARMA is permitted to set off, under its UM/UIM policy, the amount paid to Appellant David Zerby by the Bureau. OTARMA's policy specifically provides that it is entitled to reduce damages payable by amounts received under any workers' compensation law. If OTARMA is not permitted to set off the amount paid to Appellant David Zerby, by the Bureau, appellants would receive a double recovery. Further, Appellant David Zerby has been fully reimbursed by the Bureau and appellants have no specific duty to repay any funds received from the Bureau.
 {¶ 27} Appellants also argue, under their First Assignment of Error, the trial court erred when it determined OTARMA was entitled to set off, against its UM/UIM policy, proceeds Appellant David Zerby received from his disability insurer, the Public Employees Retirement System. OTARMA's policy provides that the damages payable may be reduced by: workers' compensation law, disability benefits law, or similar law, any automobile medical payments or personal injury protection. Appellants contend OTARMA's policy expressly limits the set off to benefits received under disability law, such as social security disability and other such government programs. OTARMA's policy does not mention benefits received under disability insurance policies or retirement plans.
 {¶ 28} We agree with appellants' argument that OTARMA's policy does not require set off for disability benefits received from the Public Employees Retirement System as these benefits were not paid pursuant to disability laws under a government program. Instead, Appellant David Zerby received disability benefits, from his employer, under a disability insurance policy.
 {¶ 29} Appellants' First Assignment of Error is affirmed in part and reversed in part.
 II {¶ 30} Appellants contend, in their Second Assignment of Error, the trial court erred when it determined they were not entitled to binding arbitration under the terms of the policy. We agree.
 {¶ 31} The trial court concluded that both parties must consent to arbitration because OTARMA's policy provides that the matter may be arbitrated if either party makes a written demand. Judgment Entry, Nov. 21, 2002, at 2. Insurance policies are generally interpreted by applying rules of construction and interpretation applicable in contract law.Gomolka v. State Auto. Mut. Ins. Co. (1982), 70 Ohio St.2d 166, 167-168. If the language of the insurance policy is susceptible to more than one interpretation, the language will be construed strictly against the insurer and liberally in favor of the insured. Faruque v. Provident Life Acc. Ins. Co. (1987), 31 Ohio St.3d 34, 38. However, the general rule of liberal construction cannot be used to create an ambiguity where one does not exist. Karabin v. State Auto. Mut. Ins. Co. (1984),10 Ohio St.3d 163, 166-167. If the terms of a policy are clear and unambiguous, a court must enforce the contract as written, giving words used in the contract their plain and ordinary meaning. CincinnatiIndemn. Co. v. Martin, 85 Ohio St.3d 604, 607, 1999-Ohio-322.
 {¶ 32} The specific language in OTARMA's policy provides as follows:
 {¶ 33} "1. If a member and the Pool disagree whether the member is legally entitled to recover damages from the owner or driver of anuninsured automobile or an underinsured automobile or do not agree as to the amount of damages, either party may make a written demand for arbitration. In this event, each party will select an arbitrator and the two arbitrators will select a third. If they cannot agree within thirty days, either may request that selection be made by a judge or a court having jurisdiction. Each party will pay the expenses it incurs and bear the expense of the third arbitrator equally.
 {¶ 34} "2. Unless both parties agree otherwise, arbitration will take place in the county in which the Named Member is located. Local rules of law as to arbitration procedures and evidence will apply. The decision agreed to by two of the arbitrators will be binding." (Emphasis sic.)
 {¶ 35} Appellants maintain the use of the word "may" in paragraph one indicates a future mandatory contractual obligation that is dependent upon fulfillment of a condition precedent. In the policy under consideration, two conditions must be satisfied before a matter is required to be arbitrated. First, the insured must demonstrate he or she is an insured and entitled to coverage under the policy. Second, an insured must make a written demand for arbitration. Until these preconditions are satisfied, arbitration of a claim is not mandatory. Appellees respond that the use of the word "may" indicates the parties to the contract have the option of arbitration, only if both parties agree.
 {¶ 36} Having reviewed the above language, we find the arbitration provision is clear and unambiguous, and we will give this provision its plain and ordinary meaning. The use of the word "may" in paragraph one indicates that either party can make a demand for arbitration. The use of the word "may" does not mean both parties must agree to arbitration. The next sentence starts with the words, "In this event, * * *", which we conclude means that if either party does make a demand for arbitration, arbitration must occur and the parties have to follow the procedures contained in the policy for selecting arbitrators. Accordingly, upon demand, pursuant to the terms of OTARMA's insurance policy, we find appellants are entitled to arbitration and that both parties do not have to agree to arbitrate this matter for arbitration to occur.
 {¶ 37} Appellants' Second Assignment of Error is reversed.
 {¶ 38} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
By: Wise, J., Gwin, P.J., and Boggins, J., concur.