[Cite as *Boatwright v. Penn-Ohio Logistics*, 2011-Ohio-1006.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| LAWRENCE BOATWRIGHT | ) | |
| PLAINTIFF, | ) | CASE NO.  10 MA 80 |
| ERIE INSURANCE EXCHANGE, | ) | |
| INTERVENING PLAINTIFF-APPELLEE, | ) | |
| | ) | O P I N I O N |
| - VS - | ) | |
| PENN-OHIO LOGISTICS, | ) | |
| DEFENDANTS, | ) | |
| AMERICAN STEEL CITY INDUSTRIAL LEASING, et al., | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Common Pleas Court,
                                                        Case No. 08CV3171.

JUDGMENT:                                      Affirmed.

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  February 25, 2011

APPEARANCES:

For Plaintiff:

Attorney Gary Kisling
3412 West Market Street
Akron, Ohio  44333
(Amicus Curiae, Lawrence Boatwright)

Attorney Nomiki Tsarnas
970 Windham Court, Suite 7
Youngstown, Ohio  44512
(Amicus Curiae, Lawrence Boatwright)

For Intervening Plaintiff-Appellee:

Attorney Mark Greer
Attorney Timothy Fitzgerald
Attorney Gary Nicholson
6th Floor, Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio  44115

For Defendants-Appellants:

Attorney Kevin Murphy
Attorney Matthew Vansuch
108 Main Avenue, SW, Suite 500
Warren, Ohio  44481

VUKOVICH, J.

¶{1} Defendants-appellants American Steel City Industrial Leasing and William Marsteller (collectively referred to as American) appeal the decision of the Mahoning County Common Pleas Court granting intervening-plaintiff-appellee Erie Insurance Exchange's motion for summary judgment. The grant of summary judgment is a finding that the insurance policy Erie Insurance issued to defendant Penn-Ohio Logistics does not afford coverage for independent claims of negligence asserted by plaintiff Lawrence Boatwright against American as the additional insured under the policy.

¶{2} In seeking reversal, American asserts that the policy language in the Additional Insured Endorsement does provide coverage for its independent acts of negligence. According to it, the insurance policy's phrase "liability arising out of your operations or premises owned by or rented by you" provides coverage for both independent acts of negligence and for its vicarious liability. Specifically, it asserts that while the phrase "liability arising out of your operations" only extends coverage to American for its vicarious liability, the other phrase, "liability arising out of * * * premises owned by or rented to you" covers independent acts of negligence on the part of American.

¶{3} Erie Insurance disputes the above contention and claims that the language only provides coverage for American's vicarious liability. It asserts that Ohio courts have consistently held that additional insured endorsements provide limited coverage for only vicarious liability. Furthermore, it contends that the Eleventh Appellate District has already reviewed this same policy language as it pertains to Erie Insurance and American, and has determined that the language does not offer coverage to American for its independent acts of negligence. *Currier v. Penn-Ohio Logistics*, 186 Ohio App.3d 249, 2010-Ohio-195, ¶20-31. Thus, according to Erie Insurance, the doctrine of res judicata is applicable and also warrants affirming the trial court's grant of summary judgment.

¶{4} We agree with the reasoning and analysis provided in the *Currier* decision. Thus, the policy language extended coverage only for American's vicarious liability, not for its independent acts of negligence. Furthermore, we note that as

between American and Erie, res judicata is another basis to affirm the trial court's decision. The exact issue between the exact same parties has been decided by the Eleventh District Court of Appeals. For those reasons and the ones elaborated below, the judgment of the trial court is hereby affirmed.

STATEMENT OF THE CASE

¶{5} On August 29, 2006, Boatwright was employed by Penn-Ohio and while working at a warehouse located at 3710 Hendricks Road, Austintown, Mahoning County, Ohio, which Penn-Ohio rented from American, the floor of the warehouse collapsed, causing Boatwright to sustain injuries. Thereafter, Boatwright filed a complaint against Penn-Ohio and American. 08/05/08 Complaint.

¶{6} The complaint contained five counts. The first count alleged that American "negligently and in breach of their duty of care to Lawrence Boatwright, and other employees of H&R Penn Ohio Logistics LLC failed to notify Penn-Ohio Logistics * * * of the structural load capacity of the flooring of [the warehouse], failed to post the structural load capacity of said floor, and failed to inform Penn-Ohio Logistics * * * of the lack of solid earth foundation below said floor and of the existence of a room below said floor which rendered the structural load capacity of said floor far less than was apparent, and made the danger of collapse of said floor far more dangerous." The next three counts in the complaint alleged negligence and intentional torts against Penn-Ohio. The last count alleged that as a result of the negligent and intentional acts of Penn-Ohio and American, Boatwright sustained "serious and permanent injuries, incurred medical expenses and has or will incur loss of income and earning capacity." It is undisputed that the complaint did not plead vicarious liability against American rather, it only alleged independent acts of negligence on the part of American.

¶{7} American answered the complaint admitting it owned the warehouse and that Penn-Ohio leased part of the premises. 09/09/08 Answer.

¶{8} Thereafter, Erie Insurance moved to intervene. 09/16/08 Motion to Intervene. Erie Insurance asserted that it issued a comprehensive general liability policy to Penn-Ohio and in that policy American was listed as an additional insured. Attached to the motion to intervene was a declaratory judgment complaint seeking a

determination from the trial court as to whether Erie Insurance had a duty to defend/indemnify any defendant.

¶{9}   On March 11, 2010, Erie Insurance filed a motion for summary judgment against American.  It asserted that based on the *Currier* decision, the doctrine of res judicata warranted a grant of summary judgment.  It also argued that the additional insured endorsement only afforded American coverage for vicarious liability and as there was no allegation of vicarious liability in the complaint, summary judgment was warranted.

¶{10}  American responded to the motion for summary judgment asserting that the language of the endorsement provided coverage and the doctrine of res judicata was inapplicable because there was no identity of parties.  03/24/10 Motion in Opposition.

¶{11}  After reviewing the motions, the trial court granted Erie Insurance's motion for summary judgment.  The trial court found:

¶{12}  "Furthermore, the policy does not afford coverage for the independent claims of negligence asserted by Plaintiff against Defendants American Steel City Industrial Leasing, Inc. and Bill Marsteller in its complaint, all as a matter of law." 04/27/10 J.E.

¶{13}  It did not render a ruling on the application of the doctrine of res judicata.

<u>ASSIGNMENT OF ERROR</u>

¶{14}  "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS-APPELLANT AMERICAN STEEL CITY INDUSTRIAL LEASING, INC. AND WILLIAM MARSTELLER IN GRANTING SUMMARY JUDGMENT TO INTERVENING-PLAINTIFF ERIE INSURANCE EXCHANGE."

¶{15}  A declaratory judgment action allows a court of record to declare the rights, status, and other legal relations of the parties.  Civ.R. 57 and R.C. 2721.01 et seq.  This type of action is an appropriate mechanism for establishing the obligations of an insurer in a controversy "between it and its insured as to the fact or extent of liability" under a policy.  *Lessak v. Metro. Cas. Ins. Co. of N.Y.* (1958), 168 Ohio St. 153, 155.  When a declaratory judgment action is disposed of by summary judgment, our review of the trial court's resolution of legal issues is de novo.  *King v. W. Res.*

*Group* (1997), 125 Ohio App.3d 1, 5. Thus, we employ the same standard used by the trial court. Pursuant to Civ.R. 56(C) summary judgment is proper when "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Welco Industries, Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 346.

¶{16} Penn-Ohio's lease with American required Penn-Ohio to have a comprehensive general liability insurance policy that listed American as an additional insured. Penn-Ohio acquired such a policy from Erie Insurance which contained the following relevant provisions:

¶{17} "Throughout this policy the words 'you' and 'your' refer to the Named Insured shown in the 'Declarations'."

¶{18} The Commercial General Liability Coverage Part provided:

¶{19} "WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule as an insured but only with respect to liability arising out of your operations or premises owned by or rented to you."

¶{20} If American and Penn-Ohio is inserted in the appropriate places in the above sentence, American is included as an insured but only with respect to the liability arising out of Penn-Ohio's operations or premises owned by or rented by Penn-Ohio. The premises rented by Penn-Ohio in this instance is the warehouse located at 3710 Hendricks Road.

¶{21} The Eleventh Appellate District has looked at this exact policy as it pertains to Erie Insurance and its duty to offer coverage to American for any alleged independent acts of negligence at the warehouse located at 3710 Hendricks Road. *Currier*, 186 Ohio App.3d 249, 2010-Ohio-195, appeal not allowed by 125 Ohio St.3d 1448, 2010-Ohio-2510. It determined that the language only provided coverage for American's vicarious liability and since the complaint only alleged independent acts of negligence, American was entitled to summary judgment. Id.

**¶{22}** *Currier* involved the same August 29, 2006 accident at issue in this case, the collapse of the floor at the warehouse located at 3710 Hendricks Road, Austintown, Mahoning County, Ohio, that Penn-Ohio rented from American. However, in *Currier*, the plaintiff who brought the action was Julianna Currier, administrator of the estate of Raymond McQueen, who died as a result of the floor collapsing; Boatwright was not a plaintiff. Similar to the instant action, Erie Insurance intervened and filed a declaratory judgment action claiming that it did not have a duty to defend or indemnify Penn-Ohio or American.

**¶{23}** In finding for Erie Insurance, the Eleventh Appellate District began its analysis by stating that an insurance policy is a contract and that in determining the intent of the parties we look to the plain and ordinary language used in the policy. Id. at ¶14. The court explained that while the policy did not define the phrase "liability arising out of [Penn-Ohio's] operations or premises * * * rented to [Penn-Ohio]" the purpose of additional insured endorsements is to protect the additional insured from vicarious liability:

**¶{24}** "'Often the purpose of the additional insured endorsements is to protect the additional insured against claims of vicarious liability, i.e., liability based entirely upon the relationship between the parties, as opposed to any active negligence on the part of the additional insured.' [Ohio Insurance Coverage (2008) 184.] This makes sense for both the named insured and the additional insured. A negligence-free commercial landlord, for instance, invariably is concerned about being held liable for the negligence of its tenant. That landlord should be able to demand coverage from the tenant's insurer because that insurer can offer the coverage either at no additional cost or by a modest increase in premium, since covering the landlord's vicarious liability does not increase the insurer's liability exposure. The amount of the loss remains the same regardless of the number of parties contributing to it. Id.

**¶{25}** "'[A]n "additional insured" provision is intended to protect the additional party from liability for the acts or omissions of the primary insured - that is, [the additional insured] is protected in situations where it is secondarily liable for [the named insured's] conduct. Secondary liability arises when one party is held

responsible based solely on its relationship with the responsible actor.' (Citations omitted.) *Sprouse,* 2004-Ohio-353, at ¶16." Id. at ¶21-22.

**¶{26}** The court then discussed its decision in *Davis v. LTV Steel Co., Inc.* (1998), 128 Ohio App.3d 733, which found that the policy language at issue in that case only extended coverage to the additional insured for vicarious liability. Id. at ¶23-24. In finding that *Davis'* reasoning was applicable, the court provided four reasons that it believed strongly supported its decision that as to American the policy language only offered coverage its vicarious liability. Id. at ¶26-30.

**¶{27}** The first reason was based on the term "arising out of" that is found in the policy. Id. at ¶27. The Eleventh District explained that that phrase modifies both the premises and operations. Id. According to it, the phrase provides that liability arises out of American's relationship with Penn-Ohio and, as such, only covers vicarious liability. Id.

**¶{28}** Secondly, the court stated that given the nominal amount Erie Insurance charged to include American as an additional insured indicates that the parties did not intend to insure American or its independent acts of negligence. Id. at ¶28. The total premium for Penn-Ohio's insurance policy was $14,062, however, Erie Insurance only charged Penn-Ohio $30 to include American as an additional insured. Id.

**¶{29}** Thirdly, the court noted that if the policy was to include coverage for American's independent acts of negligence, the endorsement would have indicated that American "was to be an insured 'with respect to its independent acts of negligence' that 'occur on Penn-Ohio's leased premises.'" Id. at ¶29. However, the endorsement did not contain those phrases and the court noted that it would read those additional terms into the endorsement. Id.

**¶{30}** Lastly, the court noted that "plaintiff's claim against American was based on its independent acts of negligence, not the leased premises, and therefore the plaintiff's claim against American is not within the scope of the additional-insured endorsement." Id. at ¶30. See, also, *Currier v. Penn-Ohio Logistics*, 187 Ohio App.3d 32, 2010-Ohio-198, ¶60-73 (companion case to *Currier*, 186 Ohio App.3d 249, where Currier appealed the grant of summary judgment for Erie Insurance); *Buckeye Union*

*v. Zavarella* (1997)*,* 121 Ohio App.3d 147 (addressing an additional insured clause in a construction contract).

**¶{31}** We find the Eleventh Appellate District's decision to be sound persuasive authority for finding that the policy language only extends coverage to American for its vicarious liability, not for independent acts of negligence. Vicarious liability by definition is based solely on the relationship between the two parties; it is indirect or imputed legal responsibility for the acts of another. Black's Law Dictionary (6 Ed.1990) 1566. Examples include liability of an employer for the acts of an employee or liability of the principal for torts and contracts of the agent. The additional insured provision as it is written provides American "is included as an insured but only with respect to the liability arising out of [Penn-Ohio's] operations or premises * * * rented by" Penn-Ohio. "'Arising out of' means generally 'flowing from' or 'having its origin in.'" *Nationwide Mut. Fire Ins. Co. v. Turner* (1986), 29 Ohio App.3d 73, 77, citing *Ins. Co. of North America v. Royal Indemn. Co.* (C.A.6, 1970), 429 F.2d 1014. Thus, language indicates that liability is based on the relationship of the parties and thus, American, the additional insured, can only be liable if Penn-Ohio, the insured, is.

**¶{32}** We do not agree with American's assertion (which incidentally is the same position it took in *Currier*) that "arising out of premises" provides coverage for independent acts of negligence by the additional insured, while "arising out of operations" only provides coverage for the additional insured's vicarious liability. The policy language states that American "is included as an insured but only with respect to the liability arising out of [Penn-Ohio's] operations or premises * * * rented by" Penn-Ohio. Admittedly the two phrases are connected by "or." However, the "or" is indicating that liability can arise from two situations, one being operations and the other being premises. While it is true that operations and premises are two different things, that does not mean that the phrase "is included as an insured but only with respect to liability arising out of" means something different when it is used to modify operations as opposed to when it is used to modify premises rented by the insured. That phrase means it only extends coverage for vicarious liability. Both *Davis* and *Currier* appear to support such a conclusion. *Davis*, 128 Ohio App.3d at 736 (court was asked to determine whether the phrase "arising out of operations" provided

additional insured coverage for its independent acts of negligence or solely its vicarious liability).

**¶{33}** A research of case law indicates that other general commercial liability policies include language that "excludes coverage for liability arising out of the sole negligence of the additional insured." *Lubrizol Corp. v. Lichtenberg & Sons Constr., Inc.*, 11th Dist. No. 2004-L-179, 2005-Ohio-7050, ¶34-35 (although referencing the *Davis* case, stating that both the general commercial liability policy and umbrella policy excluded coverage for "liability arising out of the sole negligence of the additional insured" and, as such, the clear language only covered vicarious liability, not independent acts of negligence); *Liberty Mut. Ins. Group v. Travelers Property Cas.*, 8th Dist. No. 80560, 2002-Ohio-4280, ¶19 (stating the additional insured endorsement states that it "does not include liability arising out of the independent acts or omissions of such person or organization," and, as such, the clear wording of the endorsement only provides coverage for secondary and vicarious liability). While that language may be more direct than the language provided in the policy at hand, we still find that the policy issued by Erie Insurance provides coverage only for the additional insured's vicarious liability. In this instance, as to Boatwright's injury that arose out of his employment, American can only be liable if Penn-Ohio, the employer, is liable for an intentional tort.

**¶{34}** American does cite this court to a case from an Illinois appellate court to support its position that the policy language offers coverage for independent acts of negligence on the part of American. *Maryland Cas. Co. v. Chicago and North Western Transp. Co.* (1984), 126 Ill.App.3d 150, 153. The policy in that case stated that the additional insured was insured "but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the named insured * * *." The Illinois Appellate Court found that the policy provided coverage for the additional insured's independent acts of negligence partly because of the ambiguity in the "arising out of" language in the policy. Id. That case, however, is not binding on this court. Furthermore, it is contrary to the position of Ohio courts which have not found the phrase "arising out of" to be ambiguous in the context of the insurance policy at issue here.

¶{35} Accordingly, for those reasons, we find no merit with American's arguments. The policy language does not provide coverage for American's independent acts of negligence; it only provides coverage for American's vicarious liability. Thus, since the complaint alleged independent negligence on the part of American, and not vicarious liability, there is no coverage for the complained of acts. Summary judgment was appropriately granted for Erie Insurance.

¶{36} In addition to the above espoused reasons, we also note that the doctrine of res judicata is also applicable based on the *Currier* decision and provides another basis for affirming the trial court's decision. Under the doctrine of *res judicata,* "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, syllabus.

¶{37} All the elements of res judicata are met in this case. The *Currier* decision is a valid final judgment from a competent court that decided the exact same issue presented to this court, i.e. whether the language in Erie Insurance's policy issued to Penn-Ohio offered coverage for independent acts of negligence on the part of the additional insured American for injuries/deaths caused by the August 29, 2006 floor collapse at the warehouse owned by American that was rented to Penn-Ohio. Furthermore, the parties involved are the same. Erie Insurance intervened and filed a declaratory judgment action claiming that it did not have a duty to defend or indemnify defendants Penn-Ohio or American in both the Trumbull County Common Pleas Court and Mahoning County Common Pleas Court cases. Both the Mahoning County and Trumbull County Common Pleas Courts found for Erie Insurance. The only difference between the Trumbull County and Mahoning County cases is the plaintiffs; Boatwright was the plaintiff in the Mahoning County case, while Currier as administrator of the estate of McQueen was the plaintiff in the Trumbull County case. However, despite the opportunity to, Boatwright did not appeal the Mahoning County Common Pleas Court's decision but instead filed an amicus curiae brief. But see *Currier*, 187 Ohio App.3d 32, 2010-Ohio-198, (Currier appealed the Trumbull County Common Pleas Court's decision limiting the insurance policy to covering only American's vicarious liability). Consequently, our focus is only on the party appealing the decision and the

party defending that appeal, which in this case is respectively American and Erie Insurance. Thus, as the trial court cases and appeals in both cases involve American and Erie Insurance and their positions concerning whether the insurance policy offered coverage to American for its independent acts of negligence, the doctrine of res judicata is applicable.

CONCLUSION

¶{38} In conclusion, the sole assignment of error lacks merit. The language in the additional insured does not provide coverage for American's independent acts of negligence. Rather it solely provides coverage for American's vicarious liability. Furthermore, the claims asserted in this appeal as between American and Erie Insurance are barred by res judicata.

¶{39} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Donofrio, J., concurs.
DeGenaro, J., concurs.