[Cite as *Am. Natl. Property & Cas. Co. v. Sterling*, 2014-Ohio-5674.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| AMERICAN NATIONAL PROPERTY & CASUALTY COMPANY, | ) ) | |
| | ) | CASE NO. 13 MA 139 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| PAULA STERLING, INDIVIDUALLY AND ADMINISTRATRIX OF THE ESTATE OF BRIAN G. STERLING, et al., | ) ) ) ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:  Civil Appeal from Common Pleas
Court, Case No. 12 CV 2944.

JUDGMENT:  Reversed and Remanded.

APPEARANCES:
For Plaintiff-Appellant:  Attorney Edward Ryder
Attorney Frank H. Scialdone
Attorney Jeffrey S. Maynard
Mazanec, Raskin & Ryder Co., L.P.A.
100 Franklin Row
34305 Solon Road
Cleveland, OH  44139

For Defendants-Appellees:  Attorney Brian P. Kopp
Attorney David J. Betras
Betras, Kopp & Harshman, LLC
6630 Seville Drive
Canfield, OH  44406

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated:  December 19, 2014

DeGenaro, P.J.

{¶1} Plaintiff-Appellant American National Property & Casualty Company, appeals from a Mahoning County Common Pleas Court judgment in favor of Defendants-Appellees, Paula Sterling, individually and as Administratrix of the Estate of Brian Sterling, (collectively referred to as Sterling) denying its motion for summary judgment seeking a declaration that it had no duty to indemnify or defend the Estate of Shirley Sterling, in a declaratory judgment action regarding coverage, arising from the deaths of a husband and wife, wherein Brian's estate and beneficiaries are pursuing wrongful death claims against Shirley's estate. American National asserts that the trial court erred by concluding that wrongful death claims belong to the decedent's survivors, and that neither the homeowner nor automobile policies exclude coverage for such claims against the Estate of Shirley Sterling.

{¶2} American National's argument is meritorious. The wrongful death claim stems exclusively from Brian's bodily injury. The clear, unambiguous language in both policies specifically excludes liability coverage for bodily injury to an insured person or any family member living with an insured person. Decedents, Brian and Shirley, were insured persons under both policies. Therefore, there is no liability coverage for Shirley for negligently causing bodily injury to Brian. Accordingly, the judgment of the trial court is reversed, and declaratory judgment is entered in favor of American National; specifically, that it has no duty to indemnify or defend the Estate of Shirley Sterling against any claims for wrongful death brought by the beneficiaries of Brian Sterling and his estate.

## Facts and Procedural History

{¶3} On June 4, 2010, spouses Brian and Shirley Sterling and a friend, Diane Chips, returned to their home after going out to dinner. Shirley was driving, and she stopped the couple's vehicle in their driveway; Brian and Diane got out and went into the house, with Diane leaving shortly thereafter. In the meantime, Shirley parked the vehicle in the garage, shut the garage door, and entered the house, but failed to turn off the vehicle's engine. The next day, the couple's daughter, Paula Sterling, found Brian and Shirley dead in their home due to carbon monoxide poisoning. Brian and Shirley's home, where they died, and their vehicle, which emitted the carbon monoxide, were covered by, respectively, a homeowners' and an automobile policy with American National.

{¶4} On June 4, 2012, Paula, individually and on behalf of the Estate of Brain Sterling, filed a complaint seeking compensation from the Estate of Shirley Sterling for proximately causing Brian's death, asserting a survival claim for damages Brian suffered before his death and a wrongful death claim on behalf of Brian's beneficiaries. As a result, Shirley's Estate requested a defense and indemnification coverage from American National.

{¶5} American National filed a declaratory judgment action against Sterling and Shirley's Estate requesting a determination that it had no duty to defend or indemnify Shirley's Estate as to either the survival claim or the wrongful death claim. American National argued in a motion for summary judgment that these claims were excluded from coverage by both policies because Brian and Shirley were named insureds and family members. In response, Sterling argued that the wrongful death claim was brought for the exclusive benefit of Brian's statutory beneficiaries and therefore not excluded by either insurance policy. However, Sterling did not make any argument regarding the survival claim.

{¶6} The trial court denied American National's summary judgment motion. It found that both policy exclusions American National relied upon did not clearly encompass all of the statutory wrongful death damages, reasoning that such claims belong to the decedent's children and the policies do not exclude American National from the potential liability associated with damages incurred under those claims.

{¶7} Turning to a preliminary matter, American National contends that at the trial level, the parties did not seriously dispute that Brian's survivor claim was barred by the exclusion language in both policies. Nonetheless, the trial court denied American National's summary judgment in its entirety. On appeal, American National reasserts this argument, and Sterling has conceded that there is no coverage for the survivorship claim. Thus, we will limit our consideration to the wrongful death claim.

### Declaratory Judgment and Standard of Review

{¶8} A declaratory judgment action is appropriate for establishing the obligations of an insurer in a controversy between the insurer and its insured as to the fact or extent

of liability under an insurance policy. *Boatwright v. Penn-Ohio Logistics*, 7th Dist. No. 10 MA 80, 2011-Ohio-1006, ¶15, quoting *Lessak v. Metro. Cas. Ins. Co. of N.Y.*, 168 Ohio St. 153, 155, 151 N.E.2d 730 (1958).

**{¶9}** When a trial court disposes of declaratory judgment action on summary judgment, this court reviews the trial court's resolution of the legal issues de novo. *Id.* Thus, we apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Fleming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994). A material fact depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### Duty to Defend – Homeowner Policy

**{¶10}** American National asserts in its sole assignment of error:

**{¶11}** "The trial court legally erred when it failed to grant summary judgment in favor of Plaintiff/Appellant American National Property & Casualty Co. when it failed to hold that no coverage existed."

**{¶12}** A liability insurer is only obligated to its insured if the insured's claim falls within the scope of coverage. *Cincinnati Indemn. Co. v. Martin*, 85 Ohio St.3d 604, 605, 710 N.E.2d 677 (1999). If the insurer establishes that the insured's claim falls within an exclusion to coverage, the insurer is under no obligation to defend the insured. *Gearing v. Nationwide Ins. Co.*, 76 Ohio St.3d 34, 36, 665 N.E.2d 1115 (1996).

**{¶13}** Two insurance policies are at issue in this case, the Homeowner's Policy and the Automobile Policy. The Sterlings' Homeowner's Policy states in relevant part:

> **DEFINITIONS**
>
> Throughout this policy, "you" and "your" refer to the "named insured" shown in the **Declarations** and the spouse if a resident of the same household,

and "we," "us," and "our" refer to the Company providing this coverage.

\* \* \*

**SECTION II – LIABILITY COVERAGES**

**COVERAGE E – PERSONAL LIABLITY**

If a claim is made or a suit is brought against any **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, we will:

a. pay up to our **limit of liability** for the damages for which the **insured** is legally liable; and

b. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages resulting from the **occurrence** equals our **limit of liability**.

\* \* \*

**SECTION II – EXCLUSIONS**

1. **Coverage E – Personal Liability and Coverage F – Medical Payments to Others** do not apply to **bodily injury** or **property damage**:

   \* \* \*

   h. arising out of the ownership, maintenance, use, loading, or unloading of motor vehicles or all other motorized land conveyances, including any attached trailers, owned or operated by or rented or loaned to any insured.

   \* \* \*

   2. **Coverage E  - Personal Liability** does not apply to:

   \* \* \*

   f. **bodily injury** to you and any **insured** within the meaning of part a. or b. of Definition 6. "**insured**"

{¶14} The parties agree that both Brian and Shirley were insureds under the Homeowner's Policy.

{¶15} American National argues the language of the Homeowner's Policy

expressly bars coverage under the exclusions for bodily injury to an insured and for bodily injury arising out of the use of a motor vehicle. As to the exclusion for bodily injury to an insured, under the definitions for bodily injury and insured, there is no personal liability for death of an insured, because both Brian and Shirley were named insureds under the Homeowner's Policy. Regarding bodily injury from the use of a motor vehicle, because there is no coverage for bodily injury arising out of the use of a motor vehicle owned by any insureds, there is no coverage because Brian's death was caused by Brian and Shirley's use of their vehicle; specifically, Shirley left the engine of the vehicle running inside the garage with the doors and windows closed.

**{¶16}** Conversely, Sterling argues the exclusions do not clearly and unambiguously exclude all of the non-bodily injury damages of Brian's wrongful death beneficiaries.

**{¶17}** The Ohio Supreme Court's decision in *Martin*, 85 Ohio St.3d 604, *supra,* is dispositive here. In *Martin*, six-year-old Michael Martin died when his eight-year-old brother shot him while playing at the home they lived in with their mother, Stephanie. At the time, Stephanie had a homeowner's insurance policy with Cincinnati Indemnity Company. Stephanie was divorced from the boys' father, David, who did not live in the home. David, as administrator of Michael's estate, filed a wrongful death action against Stephanie alleging her negligence in supervising the children and in storing the gun caused Michael's death. CIC then filed a declaratory judgment action seeking a determination as to whether it was required to defend and indemnify Stephanie against the wrongful death claim. The parties stipulated that Michael and his brother were insureds under the homeowner's policy since they were relatives residing with Stephanie, the named insured, but that David was not an insured.

**{¶18}** The trial court granted summary judgment for CIC finding that David's claim was excluded from coverage because the plain language of the policy excluded liability coverage for bodily injury to an insured, including the wrongful death claim. The Twelfth District Court of Appeals affirmed but certified the case to the Ohio Supreme Court after finding a conflict with the decision from another district. David argued the exclusion applied only to injuries suffered by an insured, not to injuries suffered by him, a

noninsured, and thus, the exclusion was inapplicable, because he suffered his own injury as a wrongful death beneficiary. *Id.* at 606.

**{¶19}** The Ohio Supreme Court rejected this argument, finding that the policy language was clear and unambiguous, that the definition of bodily injury meant "bodily harm, sickness or disease," noting the policy provided coverage for "required care, loss of services and death resulting from bodily injury." *Id.* at 607. The Court held that under the terms of the policy, David did not suffer his own bodily injury; instead, any injury to David arose solely from the bodily injury his insured son sustained. *Id.*

**{¶20}** The Court concluded by noting that David could still pursue a wrongful death claim, he just could not create insurance coverage where none existed. *Id.* at 608-609. In sum, the Court held: "An insurer has no duty to defend or indemnify its insured in a wrongful death lawsuit brought by a noninsured based on the death of an insured where the policy excludes liability coverage for claims based on bodily injury to an insured." *Id.* at the syllabus.

**{¶21}** We are faced with the same set of facts here as were present in *Martin*. An insured under the Homeowner's Policy, Brian, suffered bodily injury resulting in death for which nonresident, noninsured family members, Brian's adult children, filed a wrongful death action against the insured policy holder, Shirley, via her estate. Like the father in *Martin*, the wrongful death beneficiaries in this case did not suffer their own bodily injury. Their only injury arose from the bodily injury sustained by Brian, who was an insured under the Homeowner's Policy. And like the policy at issue in *Martin*, the Homeowner's Policy here specifically excludes coverage for bodily injury to an insured. This is not to say that Sterling cannot maintain a wrongful death action against Shirley's Estate. Pursuant to *Martin*, American National has no duty under the Homeowner's Policy to defend and indemnify Shirley's Estate on the wrongful death claim.

### Duty to Defend – Automobile Policy

**{¶22}** We turn next to the Sterlings' Automobile Insurance Policy, which provides in relevant part:

**DEFINITIONS USED THROUGHOUT THIS POLICY**

* * *

(4) "**Bodily injury**" means bodily injury to a human being, and sickness, disease, or death which results from it.

(5) "**Insured**" or "**Insured person**" means the person, persons, or organization defined as an insured person in or with reference to a specific coverage.

* * *

(7) "**Occupying**" means in, on, getting into, or out of.

* * *

(11) "**Relative**" means a person living with you and related to you by blood, marriage, or adoption, including your ward or foster child, provided neither the relative nor the relative's spouse owns, in whole or in part, a car.

* * *

**PART I – LIABILITY**

**COVERAGE A – BODILY INJURY AND COVERAGE B – PROPERTY DAMAGE**

We will pay damages for which an **insured person** becomes legally liable because of **bodily injury** or **property damage** resulting from the ownership, maintenance, or use of **your insured car** or a **non-owned car**.

* * *

**EXCLUSIONS**

There is no coverage under PART I – LIABILITY:

* * *

(10) for **bodily injury** to any **insured person** or any member of **your** family living with **you**;

**PART II – EXPENSES FOR MEDICAL SERVICES**

**COVERAGE C – MEDICAL PAYMENTS COVERAGE**

We will pay reasonable medical expenses actually incurred by an **insured person** because of **bodily injury** caused by accident. * * *

\* \* \*

**ADDITIONAL DEFINITION USED IN PART II ONLY**

As used in this Part, "**insured person**" means:

(1)      **You** or a **relative** for **bodily injury** sustained:

(a) While occupying your insured car;

**{¶23}**  The parties agree that Brian and Shirley were both named insureds and relatives under the Automobile Policy, and that the vehicle Shirley drove, parked in the garage and failed to turn off, was an insured car.

**{¶24}**  American National argues that because the policy expressly provides there is no coverage for bodily injury to an insured person or any member of the insured's family, both Brian and Shirley are specifically excluded from coverage for Shirley's negligence.  Additionally, American National argues there is no coverage under the Automobile Policy for medical expenses incurred by Brian because he was not occupying his insured car when he sustained bodily injury, Brian was inside his home when he died.

**{¶25}**  Conversely, Sterling argues the liability section of the Automobile Policy provides coverage for damages that Shirley may be liable for as a result of her ownership, maintenance, and/or use of her vehicle unless an exclusion applies.  Sterling asserts the policy only excludes coverage for bodily injury to an insured or a family member who lives with the insured, that the wrongful death claimants did not live with Shirley and Brian, and that the policy does not unambiguously exclude coverage for the non-bodily injury claims by Brian's wrongful death beneficiaries.

**{¶26}**  Sterling additionally argues that *Martin* is inapplicable in consideration of the Automobile Policy because that case involved a homeowner's policy, which additionally excluded claims for loss of services resulting from bodily injury to an insured, unlike the Automobile Policy at hand.  Sterling finally contends that while the exclusion applies only to actual bodily injury up to a person's death, coverage for personal liability extends to damages *because* of bodily injury as opposed to damages of actual bodily injury, noting any ambiguity must be construed against the insurer.

**{¶27}**  Although we are reviewing language from an automobile policy, *Martin's*

analysis of the same issues regarding a homeowner's policy is equally applicable here. The language in the Automobile Policy is clear and unambiguous. It specifically excludes liability coverage for bodily injury to an insured person or any family member living with an insured person. Thus, there is no liability coverage for Shirley negligently causing bodily injury to Brian. Regarding Sterling's wrongful death claim, it stems exclusively from Brian's bodily injury, and Brian is an insured under the Automobile Policy. "[A]n insurer has no duty to defend or indemnify its insured in a wrongful death lawsuit brought by a noninsured based on the death of an insured where the policy excludes liability coverage for claims based on bodily injury to an insured." *Martin* at 609. Thus, Sterling's wrongful death claim is excluded from coverage and American National has no duty to defend or indemnify the Estate of Shirley Sterling.

**{¶28}** In conclusion, American National's assignment of error is meritorious. The wrongful death claim stems exclusively from Brian's bodily injury. The clear, unambiguous language in both policies specifically excludes liability coverage for bodily injury to an insured person or any family member living with an insured person. Decedents, Brian and Shirley, were insured persons under both policies. Therefore, there is no liability coverage for Shirley for negligently causing bodily injury to Brian. Accordingly, the judgment of the trial court is reversed, and declaratory judgment is entered in favor of American National; specifically, that it has no duty to indemnify or defend the Estate of Shirley Sterling against any claims for wrongful death brought by the beneficiaries of Brian Sterling and his estate.

Donofrio, J., dissents with dissenting opinion.

Vukovich, J., concurs.

DONOFRIO, J. dissenting.

{¶29} For the following reasons, I respectfully dissent in part from the majority's opinion.

{¶30} I agree with the majority's resolution regarding the Homeowner's Policy. I too would find that American National has no duty under the Homeowner's Policy to defend and indemnify the Estate of Shirley Sterling on the wrongful death claim.

{¶31} I write separately because I disagree with the majority's resolution regarding the Automobile Policy. I would find that *Cincinnati Indemn. Co. v. Martin*, 85 Ohio St.3d 604,605, 707 N.E.2d 677 (1999), is distinguishable as applied to the Automobile Policy. Therefore, I would affirm the trial court's finding that American National had a duty to defend and indemnify the Estate of Shirley Sterling under the Automobile Policy.

{¶32} The Automobile Policy differs from the Homeowners' Policy in a significant respect. Under the Homeowner's Policy the definition of "bodily injury" is "bodily harm, sickness, or disease, including required care, *loss of services*, and death resulting therefrom." (Emphasis added.) This definition is substantially similar to the definition of "bodily injury" in *Martin*, 85 Ohio St.3d at 606, which also included "loss of services" resulting from bodily injury. Under the Automobile Policy, however, "bodily injury" means "bodily injury to a human being, and sickness, disease, or death which results from it." It does *not* include "loss of services" resulting from bodily injury as do the Homeowner's Policy in this case and the homeowner's policy at issue in *Martin*, supra.

{¶33} Due to this difference in the policies, *Martin* is distinguishable from this case with respect to the Automobile Policy. Under the Homeowner's Policy, loss of services, which would encompass a wrongful death claim, was specifically included in the definition of "bodily injury." Therefore, under the exclusions, which excluded coverage for bodily injury to an insured, coverage was necessarily excluded for loss of services resulting from bodily injury to an insured, i.e., a wrongful death claim. The policy language was clear and unambiguous.

{¶34} Under the Automobile Policy, however, loss of services is not included in the definition of "bodily injury." Therefore, loss of services resulting from bodily injury to an

insured, i.e., a wrongful death claim, is not specifically excluded under the exclusions for bodily injury to any insured person. Because it is not specifically excluded, an ambiguity exists as to whether the policy provides coverage for the loss of services resulting from bodily injury to an insured. "Where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." *King v. Nationwide Ins. Co.*, 35 Ohio St.3d 208, 519 N.E.2d 1380 (1988), syllabus. Therefore, I would construe the ambiguity in this case in favor of Sterling and in favor of finding coverage under the Automobile Policy.